## PUTNEY v. BRIGHT.

Equity will not interfere in behalf of an owner of land to restrain the seller from entering upon the premises or from committing any other acts of trespass thereon, when it appears that the vendor is solvent and that the injury sustained by the vendee is reparable in damages.

Argued November 17, — Decided December 15, 1898.

Injunction. Before Judge Spence. Dougherty superior court. September 7, 1898.

*D. H. Pope & Son,* for plaintiff in error.
*Walters & Wallace,* contra.

SIMMONS, C. J.　It is a well-settled rule, that equity will not enjoin a trespass, unless the damages are irreparable or the trespasser is insolvent, or there are other circumstances which render the writ necessary or proper. . Civil Code, § 4916. · None of these circumstances are alleged in the petition for injunction in the present case.　Indeed it was admitted that the defendant, Putney, was abundantly able to respond to any damages which might be awarded against him.　It seems that Putney organized a company for the purpose of selling a portion of his land to immigrants.　The town was laid off into lots and streets. Four of these lots were sold to Bright, who also purchased fifty acres outside of the town.　Bright paid the purchase-money and received deeds thereto which were recorded, but alleged that Putney delayed putting him in possession and was cultivating a portion of the land thus sold him, and was cultivating also some of the streets marked out on the map of the town.　It seems that Bright was the only person who purchased lands in the proposed new town, and further that the scheme had been abandoned.　Putney, owning the land, cultivated the land he had purposed laying off into a town.　By mistake, he claims, his servants entered on a portion of the land sold to Bright. In his answer Putney offers payment for this trespass and tenders the lots and land to Bright, and alleges that Bright could have taken possession before and can now take possession whenever he may desire to do so.

These facts, we think, were not sufficient to authorize an injunction.　They do not show that the damages were irrepara-

ble or that Putney was insolvent, or any other circumstances which would render an injunction proper or necessary. It was claimed, in the argument here, that the cultivation of the streets was a nuisance. Under the facts disclosed by the record, we think that the cultivation of a street which Putney had intended to dedicate to the public in case he sold his town lots, was not a nuisance to the plaintiff, especially as no person other than Bright owned any of the lots, and no one, not even Bright himself, was living in the "town." We think, therefore, that the trial judge abused his discretion in granting the injunction.

*Judgment reversed. All the Justices concurring.*