## WATERS v. LEWIS.

1. A mere verbal claim to or assertion of ownership in property is not such a cloud upon the title of the owner as can be removed by equitable proceedings.

2. Except in a case specially provided for by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper.

Argued February 7, — Decided March 15, 1899.

Equitable petition. Before Judge Falligant. Chatham superior court. April 28, 1898.

*Alexander & Hitch*, for plaintiff in error.
*Gignilliat & Stubbs*, contra.

Fish, J. Sarah Lewis brought her equitable petition against David Waters, in which she alleged, in substance, that she was the owner and in possession of a certain parcel of land in the city of Savannah; that she purchased the land from one Eva Johnson, who was then the true owner thereof, and had paid the full amount of the purchase-money; that the purchase-money was paid in instalments, under an agreement that upon the completion of the payments Eva Johnson would make her a sufficient deed of conveyance to the property; that such con-

veyance was never made; that, subsequently to such purchase, Eva Johnson had intermarried with David Waters, and died, and after her death, the lot being vacant, David Waters, knowing that petitioner had paid for the same and was entitled to a deed thereto, and in fraud of her rights, set up a claim to the land as the sole heir at law of his deceased wife Eva, and had a house erected thereon, and actually took possession of the premises under his pretended and fraudulent claim; that petitioner, from time to time, made demand upon him to surrender the property, but he refused to do so and continued to claim the same until April, 1895, when, the premises being vacant, petitioner took possession thereof and had since retained possession. Plaintiff further averred: "Said claim of David Waters to the land is fraudulent and without foundation in fact; that the said claim is such that it operates to cast a cloud upon her title, and has been and is being vexatiously and injuriously used against her by the said David Waters, who has instituted proceedings, both civil and criminal, against her for forcible entry and detainer; that the witnesses within whose knowledge the facts within set forth rest are of great age, and their evidence is likely to be lost by the death of said witnesses; and that your petitioner can not immediately and effectively protect herself and maintain her rights by any course of proceeding open to her, except by an application to this court to administer equitable relief in the premises." The prayers for relief were, "that the said David Waters, and all parties who claim or may hereafter claim by, through, or under him, may be enjoined from entering upon the said land and from seeking to assert said claim"; and "that a decree or judgment of this court be granted, declaring said claim of the said David Waters fraudulent and void." To this petition the defendant filed a general demurrer, which was overruled, and the defendant excepted.

1. A cloud upon the title of the true owner of land, such as may be removed in equitable proceedings, is some deed or other writing which by itself, or in connection with proof of possession by a former occupant, or other extrinsic facts, gives the claimant thereunder an apparent right in or to the

property. Civil Code, §§ 4892, 4893; *Thompson* v. *Etowah Iron Co.*, 91 *Ga.* 538; 2 Am. & Eng. Enc. L. 298; 3 Pom. Eq. Jur. §1398. A mere verbal claim to or oral assertion of ownership in property is not such a cloud upon the title of the owner. Parker *v.* Shannon, 121 Ill. 452. The petition shows that the only claim that the defendant is setting up to the property is an oral assertion of ownership, as the sole heir of his wife, and such is the claim which the petitioner prays may be declared fraudulent and void. She does not pray to have any instrument canceled or any proceeding set aside. It is clear, therefore, that her petition shows no such cloud upon her title as she can have removed.

2. The plaintiff prayed that "David Waters, and all parties who claim or may hereafter claim by, through, or under him, may be enjoined from entering upon said land." The rule is, that, except in a case specially provided for by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper. Civil Code, §4916. There are no allegations in the plaintiff's petition which bring her case within this rule. It follows that the court erred in overruling the demurrer.

*Judgment reversed. All the Justices concurring.*