## MORGAN *v.* BAXTER & COMPANY *et al.*

1. Where the only " right of property " relied upon by plaintiff is seven years adverse possession under color of title, and the only " right of possession " claimed is by reason of the termination of a lease from him under which it is alleged the defendant holds, the cutting of timber for sawmill purposes and railroad ties will not be enjoined, unless the injury will be irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which, in the discretion of the court, render the injunction necessary and proper.

2. The fact that one who is sought to be enjoined from committing a trespass is a non-resident of the State is not, of itself alone, a circumstance which requires the granting of an injunction against him.

3. Under the pleadings and evidence there was no abuse of discretion in refusing to grant a temporary injunction.

Submitted March 2, — Decided March 28, 1901.

Petition for injunction.  Before Judge Bennet.  Clinch superior court.   December 27, 1900.

*R. G. Dickerson* and *J. L. Sweat,* for plaintiff.
*Toomer & Reynolds* and *Leon A. Wilson,* for defendants.

FISH, J.    J. L. Morgan sought to enjoin Baxter & Company and their agents from cutting and removing, for sawmill purposes and railroad ties, the timber from certain lands in Clinch county.    The title upon which the plaintiff relied was adverse possession of the lands under written evidence of title for more than seven years, and an abstract of the deeds constituting such written evidence of title was attached to the petition.    The petition alleged that plaintiff, in March, 1890, leased to Paxton & Mattox the timber suitable for sawmill purposes, etc., on the lands in question; that subsequently the receivers of Paxton & Mattox sold their rights under the lease to Craig & Co., who in turn conveyed the same to the defendants; that the lease was to continue for ten years from the time the lessees or their assigns should commence to cut and remove the timber from the land; that it had expired before the petition in the present case was filed; and that the right to cut and remove the timber was claimed by the defendants under such lease. As to the damages being irreparable, the petition alleged that the defendants were cutting and removing the timber from the land, "to the great and irreparable injury and damage of your petitioner in the sum of five thousand dollars or other large sum," and, again, "to the damage of plaintiff in the sum of five hundred dollars per lot or other large sum;" and there was a prayer that on the final trial "the petitioner be allowed such damages as he may be able to show to the jury he has sustained."    The only reference made in the petition to the insolvency of the defendants was: "Your petitioner's title being perfect, and he having no remedy at common law, the defendants, as he believes, being insolvent, he prays," etc. It was alleged that all of the defendants were non-residents of the State.    The defendants demurred to the petition, upon the grounds: (1) "That the plaintiff fails to show by his petition a perfect title to the land mentioned in said petition, or to the timber situated thereon."    (2) "Because the plaintiff fails to attach to his petition an abstract of his title, stating the name of the grantor and grantee, the date, consideration, and description of property, names of wit-

10

nesses, and when and where recorded." (3) " Because the plaintiff states no fact and makes no allegation that could entitle him to the relief prayed for by him." The defendants filed an answer in which they admitted the making of the lease by the plaintiff, the terms thereof, and the transfers of the rights of the lessees thereunder, as charged in the petition, but denied that plaintiff was owner of the land, and also denied that defendants were insolvent and that the damage would be irreparable. The court refused to grant an interlocutory injunction, and the plaintiff excepted. The bill of exceptions states that the hearing was had on the pleadings and evidence submitted by the plaintiff, and that upon the hearing counsel for defendants admitted that the limitation in the lease from plaintiff to Paxton & Mattox had expired prior to the institution of plaintiff's suit, and that when the petition was filed defendants were cutting and removing the timber from the land, but that it was expressly denied that the defendants held the timber or any interest therein under the plaintiff. The evidence submitted in behalf of the plaintiff tended to show that he had title, by prescription, to all the land in question, except two lots, as to which there was no evidence that the plaintiff had any interest in them or the timber thereon. There was also evidence that the defendants were non-residents of the State. There was no evidence as to the insolvency of the defendants, or that the damage would be irreparable. The only points referred to in the brief for plaintiff in error — there having been no oral argument — are: that plaintiff showed a perfect title to the land; that defendants were committing a trespass as charged; and that they were non-residents of the State.

1. Section 4927 of the Civil Code, as amended by the act of Dec. 20, 1899 (Acts 1899, p. 39), provides: " In all applications to enjoin the cutting of timber for sawmill purposes, and railroad ties," etc., " it shall not be necessary to aver or prove insolvency or that the damages will be irreparable: *provided*, the petitioner has perfect title to the land upon which the timber is situated, or who has perfect title to the timber upon any lands, and shall attach an abstract of his title, stating name of grantor and grantee, date, consideration, and description of property, names of witnesses, when and where recorded, to his petition, and produce the original titles before the judge," etc. . It is clear that, according to the interpretation given to this section by the previous decisions of this court, the plaintiff

failed to bring his case within its provisions. In *Dixon* v. *Monroe*, 112 *Ga.* 158, it was held: "1. The 'perfect title' which will, under section 4927 of the Civil Code, relieve an applicant for injunction from averring and proving insolvency of the defendant, or that the threatened damage will be irreparable, or other circumstances, rendering the interposition of the writ necessary and proper, must be a duly executed paper title, consisting entirely of papers capable of being recorded. 2. If the papers produced under the requirements of the section above referred to do not upon their face show both 'the right of possession' and 'the right of property' in the applicant for injunction, parol evidence is not admissible for the purpose of curing the defects." The court cited the decisions rendered in *Wilcox Lumber Co.* v. *Bullock*, 109 *Ga.* 532, and *Camp* v. *Dixon*, 111 *Ga.* 674. It was held in *Jenkins* v. *Carmen*, 112 *Ga.* 476, that "An equitable petition to enjoin the cutting of timber is not maintainable, under the provisions of section 4927 of the Civil Code, when the plaintiff's claim of 'perfect title' depends upon an allegation that he and the defendant hold under a common grantor, as the truth of such an allegation can not, in the nature of things, appear upon the face of the deeds or other instruments constituting 'the original titles,' the existence of which must appear from the allegations of the petition, and which the plaintiff must produce to the judge, but necessarily rests upon aliunde proof." The papers exhibited by the plaintiff in the present case did not show upon their face either "the right of possession" or "the right of property," whereas it was necessary that they should show both of these requisites to escape the application of the general rule that equity will not interpose to restrain a trespass unless the injury be irreparable in damages or the trespasser be insolvent.

2. The question of irreparable damage is not in this case. Even if the allegations of the petition could be considered as charging that the damage would be irreparable, the answer expressly denied it, and there was no evidence submitted to sustain the charge; moreover, the point is not referred to in the brief for the plaintiff in error. There was positive evidence requiring a finding that all the defendants were non-residents of the State. Indeed, there was no denial of the charge of non-residence, except as to one of the defendants, E. C. Long, and that was an equivocal averment in the answer that he "has and maintains a legal residence at the Hotel

Fargo at the town of Fargo in said county of Clinch, for the purpose of accepting service and being served with all process issuing against the said G. S. Baxter & Co. in Georgia," and "that all process may be served upon said E. C. Long by leaving the same at said Hotel Fargo." It is contended by the plaintiff that his right to an injunction stands, relatively to the defendants, who are non-residents of this State, upon as good a foundation in equity as if they were insolvent. Or, as stated in the brief of counsel for plaintiff, that "the defendants . . are non-residents of the State of Georgia, the equivalent of insolvency, and existence of such other circumstances as rendered the interposition of the writ of injunction necessary and proper." If the plaintiff had alleged and proved that the defendants resided without the limits of the State and had no property therein, the court might have considered such facts sufficient to authorize the interposition of equity to restrain the trespass. See *Clark* v. *Cleghorn*, 6 *Ga.* 220; *McGehee* v. *Jones*, 10 *Ga.* 127; *Charles* v. *Foster*, 56 *Ga.* 615. If a trespasser should be a non-resident of the State and own no property therein, the party injured would be forced to prosecute a suit for damages in a foreign jurisdiction, and his remedy at law would, therefore, be inadequate. This would not be true, however, if the trespasser owned sufficient property in the State to answer for the damages; for in such case the injured party would not be compelled to sue the trespasser in a foreign jurisdiction, but could, by a proper proceeding at law, obtain a judgment in this State and subject the property located therein to its payment, and the remedy at law would not be inadequate. Whether the mere proof that a person was a non-resident would or would not raise any presumption that he owned no property in the State it is unnecessary to determine; for it was evident, both from the facts set up in the petition and those alleged in the answer, that the defendants must have had considerable property in Georgia, consisting of sawmill, turpentine, and cross-tie plants. Our conclusion is that the fact that the defendants were non-residents of the State was not, without more, the equivalent of their being insolvent, and was not of itself a circumstance which required the granting of an interlocutory injunction against them.

3. From what has been said, it is apparent that there was no abuse of discretion of his honor in refusing to grant an interlocutory restraining order.

*Judgment affirmed. All concurring, except Lumpkin, P. J., absent.*