## CULPEPPER *v.* CUNNINGHAM.

1. The petition was not subject to general demurrer on the point urged in the brief of counsel for plaintiff in error.
2. The evidence authorized the verdict on the sole issue submitted to the jury by consent of counsel for both parties, and the court did not err in refusing a new trial.

DECEMBER 10, 1912.

Equitable petition. Before Judge Whipple. Crisp superior court. October 4, 1911.

*Pearson Ellis* and *Haygood & Cutts,* for plaintiff in error.

*Max E. Land,* contra.

FISH, C. J. On September 29, 1909, Mrs. S. E. Cunningham brought her petition against S. B. Culpepper, alleging, in substance: that she was the owner of certain land and the crops growing thereon; that on the day previous to the bringing of her suit, the defendant entered upon the land and threatened to shoot her employees who were gathering the crop, if they interfered therewith, and thereby so frightened and intimidated them that they discontinued their work; that the crops were ready to be gathered, and would be wasted and destroyed and the plaintiff be greatly damaged thereby, unless the defendant should be enjoined from interfering with her farm laborers in the discharge of their duties; that the defendant, without any right or legal authority and without the consent of the plaintiff, was undertaking to take possession of the land; and that he was insolvent and unable to respond in damages. The plaintiff prayed, among other things, that the defendant be enjoined from threatening and intimidating the farm laborers of the plaintiff, and from moving upon the premises. On the day the petition was brought, the judge granted a temporary restraining order as prayed for, and set a day when the defendant should show cause why an interlocutory injunction should not be granted. On the hearing, the defendant demurred to the petition, and filed an answer thereto. The plaintiff amended her petition by more specifically describing the land, and by setting forth her title to the same, and alleging that the land was cultivated by her croppers during the year 1909. After hearing the evidence, the court granted an injunction as prayed for against the defendant until the final hearing. When the case came on for final trial the defendant insisted on his demurrers, which were overruled, and he filed exceptions pendente lite. It appears from the record that on the trial, "It was agreed by both counsel for plaintiff and defendant that the only issue to be passed on by the jury was as to whether the defendant had interfered with plaintiff, or her lands, or agents, as alleged by her." Whereupon the judge announced that he would submit that issue only to the jury. There was a verdict in favor of the plaintiff. The defendant's motion

for a new trial was overruled, and he brought the case to this court, assigning error upon the overruling of the demurrers and the refusal of a new trial.

1. The only reference to the assignment of error upon the overruling of the demurrers, made in the brief of counsel for plaintiff in error, is as follows: "Overruling the demurrer was erroneous, because the petition complained merely of one act of threat or intimidation, without showing that it had been repeated or that there was any threat to continue so to do. As the petition prayed for no other relief except injunction and did not state a case entitling plaintiff to relief by injunction alone, there was no cause of action set forth." This point is not good. While it does not appear from the petition that the defendant entered more than one time upon the lands of the plaintiff, it does appear that at that time he threatened to shoot the employees of the plaintiff if they interfered with the crops; and it was alleged, in substance, that the plaintiff was unable to have the crops gathered, by reason of such threat made by the defendant, and that the crops would be destroyed unless the defendant was enjoined from interfering with the plaintiff's laborers in gathering them.

2. In view of the agreement of counsel to submit to the jury the single issue as to whether the defendant had interfered with the plaintiff's land or her agents, as alleged, as well as in consideration of the undisputed evidence that the land was owned by the plaintiff and that the defendant had no legal right or authority whatever to enter upon the same, it was not cause for a new trial that the court instructed the jury as follows: "I charge you, with reference to this case, that the plaintiff, Mrs. Cunningham, had the legal right to the peaceable use and possession of the premises in dispute, and that she had the legal right to have her hands or agents in her employ to so occupy it for the purpose of doing any kind of work thereon that they were directed by her to do; and I charge you that the defendant had no legal right, in this case as presented, to interfere in any way with her use and occupation thereof, or to interfere with the work of any hands or agents she might have upon that place."

The other grounds of the motion were equally without merit. On the sole issue submitted to the jury by consent, the evidence was ample to authorize, if indeed not to demand, the verdict rendered.

*Judgment affirmed.    All the Justices concur.*