## CARRINGTON *v.* CITIZENS BANK OF WAYNESBORO.

The judge did not abuse his discretion in refusing an ad interim injunction.
NOVEMBER 13, 1913.

Petition for injunction. Before Judge Hammond. Burke superior court. September 29, 1913.

Frances P. Carrington filed a petition against the Citizens Bank of Waynesboro, alleging as follows: She borrowed a certain sum of money, and executed her deed to a tract of land to secure the payment of the loan. The deed contained a power of sale, and gave authority to the grantee to become a purchaser at a sale made in pursuance of the power. She defaulted in the payment of the debt, and the bank advertised the land for sale on the first Tuesday in August, 1913, within the legal hours of sale. The purchaser at that sale refused to pay cash on tender of a deed, and demanded a reasonable time for investigation of the title and legality of procedure. Whereupon the bank resold the property at a later hour on the same day, alleged to have been after the hour for legal sales had passed, and became the purchaser for a sum less than that which was bid at the first sale. A few days after the sale the highest bidder at the first sale offered to comply with his bid if the bank would make him a deed, which the bank refused to do. The plaintiff then tendered the full amount of her indebtedness to

the bank, which it refused to accept. She alleges that it is the purpose and intention of the bank to take possession of the land, and that the injury thereby done to her will be irreparable in damages. She prays for a cancellation of the bank's conveyance to itself, and for an injunction against the bank's conveyance to itself, and for an injunction against the bank's interference with her possession. The hearing for interlocutory injunction occurred in advance of the appearance term; and the defendant showed cause by demurrer only, introducing no evidence. The plaintiff introduced in evidence her verified petition. The court rendered the following judgment: "After hearing argument on the demurrer to plaintiff's petition, it is considered, ordered, and adjudged that the demurrer be sustained, except the 4th paragraph, which is hereby overruled. It is further ordered that the restraining order heretofore granted be dissolved. It is further ordered that the plaintiff be restricted, upon the trial of said cause, to the one issue of whether the second sale was had during the legal hours of sale." Exception is taken to the refusal to grant an interlocutory injunction.

*W. H. Fleming,* for plaintiff. *H. J. Fullbright,* for defendant.

EVANS, P. J. (After stating the foregoing facts.) The ground of demurrer overruled by the court was directed to the materiality of the allegation that the second sale of the land occurred after the legal hours of sale. The effect of the court's ruling was, that if the sale occurred after the time prescribed by law for sales, it was void; and he specially reserved that issue for trial on the merits of the case. The law requires that sales under a power of this kind, in the absence of a contrary contractual stipulation, shall take place on the first Tuesday of the month, and within the hours fixed in the advertisement. *Garrett* v. *Crawford,* 128 *Ga.* 519 (3), 523 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167). If the sale occurred after sales hours, the sale would be void, and the purchaser would get no title.

Notwithstanding the court's holding that the sale was void, he refused to enjoin the defendant as prayed. This refusal was evidently predicated upon the thoroughly settled principle that an injunction, in the absence of insolvency or other equitable cause, will not issue against a trespass neither threatened nor existing, but merely apprehended, where no facts are alleged to show that the apprehended injury would be irreparable in damages. If the sale

be void, then the plaintiff is under no duty to surrender the premises to the purchaser thereat; and if she should refuse to give possession to the bank, it would be remitted to its appropriate action to obtain possession. There is not the slightest hint in the petition that the bank intends any illegality of conduct, or has done any specific act to dispossess the plaintiff or to interfere with her possession.

We were requested on the argument to deal with the case on the demurrer as if the judgment excepted to were a ruling on the demurrer. There are at least two reasons why this request can not be acceded to. The writ of error is to the refusal of an injunction. A judgment on demurrer is not reviewable, as such, by a fast bill of exceptions. While the court may consider a demurrer in granting or refusing an interlocutory injunction, the primary and controlling question in such case is the propriety and correctness of the grant or refusal of the injunction. And further, the interlocutory hearing was had before the appearance term, and the court could not finally dispose of the demurrer by a judgment rendered in advance of the appearance term of the cause. Inasmuch as the trial court specifically ruled on the demurrer, in holding that he did not abuse his discretion in refusing to enjoin a merely apprehended trespass we direct that such ruling on demurrer be not considered as conclusive of the questions made by it, and that when the case is heard on demurrer the issues raised thereby be heard and determined as if no former judgment had been rendered.

*Judgment affirmed. All the Justices concur.*