## CULPEPPER v. CUNNINGHAM.

LUMPKIN, J. 1. There was no error in admitting in evidence the agreement which was entered into by the parties pendente lite, and the bond which was given in accordance therewith. They tended to explain the status which the parties had thus fixed for themselves by agreement.

2. The agreement of the parties specifically limited the cultivation by the defendant and payment of rent to the year 1911. Had it proceeded no

further, and had the defendant remained in possession and cultivated the land after that year had expired, the relation of landlord and tenant might have continued. But it was expressly stipulated, that, "after the crops are cultivated and harvested, then, unless said suit is finally terminated, the relation and standing of the parties to the above-stated suit shall be the same as it now is under the order of the court." After the crops for the year 1911 had been cultivated and harvested, the suit was not finally terminated. The relation and standing of the parties as to the suit when the agreement was made was, that the plaintiff alleged that the defendant was a trespasser who was wrongfully interfering with the hands of the plaintiff, while the defendant contended that he was not a trespasser, but had entered upon the property under a claim of right, and that he was not intimidating the hands of the plaintiff. The status, as fixed by the injunctive order of the court, was that the defendant was enjoined as prayed in the petition, that is, from threatening and intimidating the farm laborers of the petitioner, from moving upon the premises, and from moving any article that he had already placed upon the premises. This status, which was expressly preserved by agreement after the cultivation and harvesting of the crop of 1911, was not one of landlord and tenant, and did not authorize the plaintiff to proceed against the defendant as a tenant by means of a distress warrant. It was accordingly error to refuse to grant the motion for a nonsuit, and to direct a verdict for the plaintiff.

(a) Moreover, the only fixing of any date for the payment of the rent of 1911 was October 1 of that year, if the plaintiff should maintain and finally win the then pending suit. There was nothing authorizing the collection of rent from year to year on October the first. While a witness for the plaintiff testified in general terms that the rent was due at the time the distress warrant was taken out, he showed that this was a mere conclusion by testifying that there was no contract, agreement, or understanding between the parties, except that contained in the writing.

*Judgment reversed. All the Justices concur, except Fish, C. J., disqualified.*
JULY 24, 1914.

Distraint. Before Judge Graham. Crisp superior court. February 17, 1913.

On September 29, 1909, the plaintiff filed a petition against the defendant, alleging, that the former was the owner of certain land and the crops thereon; that the defendant entered upon the premises and threatened and intimidated the farm hands of the plaintiff, so as to cause them to discontinue work; and that the entry of the defendant was a trespass, without title or right of possession. The prayer was, that the defendant, his agents, and confederates be restrained and enjoined from threatening and intimidating the farm laborers of the plaintiff; that he be restrained and enjoined from moving upon the premises; and that he be required not to move any article that he had already placed upon the premises.

The defendant answered, denying that the plaintiff was the owner of the land and crop, or that his act was a trespass, or that he threatened and intimidated the employees of the plaintiff. He alleged that he peaceably and quietly entered upon the land under an honest claim of right, and without objection on the part of the plaintiff; and that he moved into a dwelling-house upon the premises, and was peaceably and quietly occupying it with his family. An interlocutory injunction was granted, restraining the defendant on terms as prayed.

The trial took place on May 16, 1911. It was agreed by counsel for both parties that the only issue to be passed upon by the jury was as to whether the defendant had interfered with the plaintiff's hands or agents. It was further agreed that at the time when the defendant was served with process he was not on the premises, but after service he was permitted to visit the family without being in contempt of court. The jury found for the plaintiff; and a decree was entered, permanently enjoining the defendant, his agents, and confederates from threatening and intimidating the farm laborers of the plaintiff, and from "moving upon the premises described." A motion for a new trial was made, and upon its being overruled, the case was brought to this court. The judgment was affirmed. 139 *Ga.* 88 (76 S. E. 750). The remittitur was dated December 11, 1912. While the case was pending in the trial court, on December 31, 1910, the parties entered into an agreement containing the following terms: (1) That the defendant was to be allowed to cultivate and farm during the year 1911, upon all the farm lands of the property in dispute, upon his giving bond with good security in the sum of $200 payable to the plaintiff and for the rent of the said premises for the year 1911. (2) That the bond was to be payable to the plaintiff, provided she should sustain, maintain, and finally win in the suit then pending; but should she fail to sustain and maintain her suit, then the bond was to be a nullity. (3) "This agreement in no way affects the present status of the parties to this suit, and the said S. B. Culpepper [the defendant] has no other rights under this contract than to cultivate for the year 1911 the farm lands of the lands now in dispute in the above-stated case. After the crops are cultivated and harvested, then, unless the said suit is finally terminated, the relation and standing of the parties to the above-stated suit shall be the same as it now is under the order

of the court." (4) The defendant was at once to remove a named person from the premises. Under this agreement a bond was given which recited the pendency of the suit and the making of the agreement, including the stipulation for the giving of the bond "for the rent of the premises for the year 1911, without changing the status of either party in said suit." It thereupon bound the principal and surety for the payment of $200 to the plaintiff in the action. The condition was, that, if the plaintiff should maintain and finally win the suit, then the amount of the bond was to be payable and collectible by the plaintiff by October 1, 1911; but if she should fail finally to maintain her suit, then the bond was to be null and void.

On October 4, 1912, the plaintiff, through an agent, made affidavit and obtained a distress warrant against the defendant in the former action, alleging that he owed the sum of $200 for rent for the year 1912. He filed a counter-affidavit, denying that he was the tenant of the plaintiff or was indebted in any amount for the rent. On the trial the papers showing the history of the case, as above recited, were introduced in evidence. The husband of the plaintiff (she being a married woman) testified, that the defendant was in possession and farmed on the land during the year 1912; that the rent was worth $200; that "the rent was due at the time of suing out the distress warrant;" that there never was any agreement about the place or rent of it between the plaintiff and the defendant for the year 1912, unless it was in the agreement and bond already mentioned; that they constituted the only agreement that was ever made between the parties about the place; that the defendant cultivated the place in 1911, under that agreement, and then remained in possession and cultivated the premises in 1912, without any further agreement or understanding between him and the plaintiff.

The defendant objected to the admission in evidence of the written agreement and bond. On the close of the evidence introduced by the plaintiff, the defendant moved for a nonsuit, which was denied. He introduced no evidence. The court directed a verdict for $200 for the rent for 1912. The defendant excepted.

*Pearson Ellis* and *Haygood & Cutts,* for plaintiff in error.

*Max E. Land,* contra.