## COLLIER et al. v. GARNER.

ATKINSON, J. 1. Under proper construction, the prayers of the petition are not for recovery of damages at law, but are for purely equitable relief.

2. "A mere verbal claim to or assertion of ownership in property is not such a cloud upon the title of the owner as can be removed by equitable proceedings." *Waters* v. *Lewis*, 106 *Ga.* 758 (32 S. E. 854); *Howell* v. *Wilson*, 137 *Ga.* 710, 716 (74 S. E. 255); *Davison* v. *Reynolds*, 150 *Ga.* 182, 187 (103 S. E. 248).

3. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." Civil Code, § 4538. Applying this principle it has been held: "Except in a case specially provided for by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper." *Waters* v. *Lewis*, supra; *Putney* v. *Bright*, 106 *Ga.* 199 (32 S. E. 107); *Morgan* v. *Baxter*, 113 *Ga.* 144 (38 S. E. 411). See generally, on the subject, 10 R. C. L. 347, § 97, where it is said: "A court of equity will not ordinarily entertain a bill solely for the purpose of establishing the title of a party to real estate, or for the recovery of possession thereof, as these objects can generally be accomplished by an action of ejectment at law." See also Powell on Actions for Land, 178, § 149.

4. Applying the foregoing principles, the petition failed to allege a cause of action for equitable relief, and was subject to general demurrer on that ground. The case differs from *Long* v. *Faulkner*, 151 *Ga.* 837 (108 S. E. 370), in which the defendants were insolvent.

5. In overruling the demurrer to the petition the judge based his decision on his construction of the deeds that the lands of the plaintiff extended to the middle thread of the stream. No ruling will be made as to the correctness of that construction of the deeds, because, if such be conceded, the plaintiff would not be entitled in this action to the relief sought, under application of the principles above stated.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents, and Hill, J., absent because of illness.*

No. 9212. AUGUST 9, 1933.

469

*Thomas L. Slappey* and *Ben C. Williford,* for plaintiffs in error.
*Howell, Heyman & Bolding* and *W. P. Bloodworth,* contra.