SLAUGHTER v. LAND *et al.*

JENKINS, Justice. 1. While the rule is well established in this State that the cutting of timber may be enjoined, though the defendant be solvent, where there are frequent acts of trespass, accompanied with threats to continue, or the circumstances indicate that the trespasses will recur from day to day (*Kimbrell* v. *Thomas,* 139 *Ga.* 146, 76 S. E. 1024, and cit.; *Moore* v. *Dougherty,* 146 *Ga.* 176 (2), 179, 91 S. E. 14; *Couey* v. *Talalah Estates Cor.,* 183 *Ga.* 442, 445, 188 S. E. 822, and cit.; *Kirkland* v. *Odum,* 156 *Ga.* 131, 135, 118 S. E. 706; *Elliott* v. *Adams,* 173 *Ga.* 312 (7), 323, 160 S. E. 336; Code, § 55-104), yet a mere apprehension of injury will not be sufficient to authorize the issuance of an injunction, "where no facts are alleged to show that the apprehended injury would be irreparable in damages." *Carrington* v. *Citizens Bank of Waynesboro,* 140 *Ga.* 798 (80 S. E. 12); *Bailey* v. *Ross,* 68 *Ga.* 735 (5); *McCaskill* v. *Bower,* 126 *Ga.* 341 (2), 343 (54 S. E. 942). In so far as the petitioners sought to enjoin the defendant from cultivating, selling, or cutting timber on the tract in question, it alleged merely that the defendant had gone on the land and erected a fence by permission of the plaintiffs, and had since denied the plaintiffs a right to use the land cut off by the fence. It stated merely an apprehension of the acts the plaintiffs sought to enjoin, without any averment that the defendant had done or even threatened to do such acts, or that the defendant was insolvent, or that any fact existed showing irreparable damage. Therefore, as to such averments and prayers, the petition stated no cause of action.

2. As to the remaining prayers that the defendant be enjoined from interfering with the plaintiffs in the possession of the disputed part of the land, the possession and control of which was alleged to be in the defendant, the petition showed no ground for equitable relief, and the existence of an adequate remedy at law: (a) Because "a court of equity will not ordinarily entertain a bill solely for the purpose of establishing the title of a party to real estate, or for the recovery of possession thereof, as these objects can generally be accomplished by an action of ejectment at law." *Collier* v. *Garner,* 177 *Ga.* 467 (3) (170 S. E. 352); Code, § 37-120; 10 R. C. L. 347. The rulings here made are without prejudice to any right of the plaintiffs to proceed at law. (b) Because "an interlocutory injunction, which, if enforced, would result in the dispossession of the defendant and the admission of the plaintiff

into possession of the premises in controversy, is in legal effect a mandatory injunction, and the relief afforded by this injunctive order is not, under our law, within the proper scope of the writ of injunction." *Smith* v. *Wood*, 186 *Ga.* 214 (197 S. E. 246), and cit.; *Cannon* v. *Montgomery*, 184 *Ga.* 588 (3), 593 (192 S. E. 206), and cit.; *Wheeler* v. *Layman Foundation*, 188 *Ga.* 267, 271 (7), 272 (3 S. E. 2d, 645); *Beck* v. *Kah*, 163 *Ga.* 365, 368 (136 S. E. 160); Code, § 55-110.

3. Under the preceding rulings, and irrespective of other questions raised by the demurrers to the petition, it was error to overrule the general demurrer.             *Judgment reversed.    All the Justices concur.*

No. 13307.   JUNE 13, 1940.

*Swift, Pease, Davidson & Swinson,* and *W. M. Page,* for plaintiff in error.

*Ed. Wohlwender* and *Ernest C. Britton,* contra.