## NOTTINGHAM *v.* ELLIOTT.

CANDLER, Justice. Nottingham filed a suit in equity against Elliott. The petition as amended, after some of its allegations were stricken by the court on special demurrer, alleges in substance: The plaintiff owns lots 200 and 201 in land district 16 of Upson County, Georgia, and the defendant owns a tract of 275 acres on lots 194 and 195 in the same district, north of but adjacent to his lots. The two tracts are separated by the original land lot lines, and those dividing lines are marked by a hedgerow, a wire fence, and by wood and iron stakes. The defendant has recently caused a survey to be made of his tract, which locates its south boundary line "about" 600 feet south of the original south lines of lots 194 and 195 and, consequently, on his lots 200 and 201. There is valuable timber on the plaintiff's land, and the defendant is interfering with his right to use it by threatening to shoot his timber agent, C. C. Collins, if he enters upon the strip of land in controversy for the purpose of cutting timber. The plaintiff recently located a sawmill on the land in question, but moved it off because of the defendant's aforesaid interference. The prayers are: (a) for rule nisi and process; (b) that the defendant be restrained and permanently enjoined from interfering with the plaintiff's right to cut the timber on the land involved; (c) that the dividing line between the lands of the plaintiff and those of the defendant be declared to be the original lines between the four numbered lots; (d) that the defendant be restrained and permanently enjoined from taking possession of any land south of the true original lines of the four lots involved; (e) that title to the strip of land in question be decreed in the plaintiff; and (f) for general relief. The amended petition was dismissed by the court on general demurrer, and the plaintiff excepted. Error is properly assigned in the bill of exceptions on the pendente lite ruling sustaining the defendant's several grounds of special demurrer to the petition, and upon the judgment dismissing the petition on general demurrer. *Held:*

1. The exception to the ruling of the court upon the several grounds of special demurrer, being neither orally argued nor insisted upon in the brief submitted for the plaintiff in error, will be treated as abandoned. *Knowles* v. *White,* 199 *Ga.* 772, 773 (1) (35 S. E. 2d, 451); *Chaffin* v. *Chaffin,* 207 *Ga.* 36, 38 (59 S. E. 2d, 911), and citations.

2. "A mere verbal claim to or assertion of ownership in property is not such a cloud upon the title of the owner as can be removed by equitable proceedings." *Waters* v. *Lewis,* 106 *Ga.* 758 (32 S. E. 854); *Howell* v. *Wilson,* 137 *Ga.* 710, 716 (74 S. E. 255); *Davison* v. *Reynolds,* 150 *Ga.* 182, 187 (103 S. E. 248).

3. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." Code, § 37-120. Applying this principle in the instant case, it has been held: "Except in a case specially provided for by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist

other circumstances which in the discretion of the court render the interposition of this writ necessary and proper." *Waters* v. *Lewis,* supra; *Putney* v. *Bright,* 106 *Ga.* 199 (32 S. E. 107); *Morgan* v. *Baxter,* 113 *Ga.* 144 (38 S. E. 411). Compare *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d, 108). And it is well settled by numerous decisions of this court that a bare threat of injury to property, which, if followed up by an overt act would work irreparable injury, affords no basis for equitable relief by injunction or otherwise. *West* v. *Chastain,* 186 *Ga.* 667 (198 S. E. 736); *City of Atlanta* v. *Universal Film Exchanges,* 201 *Ga.* 463 (39 S. E. 2d, 882); *City of Brunswick* v. *Anderson,* 204 *Ga.* 515 (50 S. E. 2d, 337); *Mayor &c. of Athens* v. *Co-op Cab Co.,* 207 *Ga.* 505 (62 S. E. 2d, 906).

4. "A court of equity will not ordinarily entertain a bill solely for the purpose of establishing the title of a party to real estate, or for the recovery of possession thereof, as these objects can generally be accomplished by an action of ejectment at law." 10 R. C. L. 347, § 97. See also Powell on Actions for Land, 178, § 149; and *Collier* v. *Garner,* 177 *Ga.* 467 (170 S. E. 353). Under our present system of pleading, ejectment will lie for the purpose of settling the title to vacant lands; and it is frequently so employed. *Brewster* v. *Wooldridge,* 100 *Ga.* 305, 310 (28 S. E. 43); Powell on Actions for Land (Rev. ed.), 60, § 59. Accordingly, the plaintiff had an adequate and complete remedy at law for the establishment of his title.

5. The Code, Ch. 85-16, provides an adequate remedy at law by processioning for ascertaining and settling the location of boundary lines between coterminous landowners. But where the boundaries between two adjacent parcels of land, even when held by their respective owners under purely legal titles, have become confused and obscure, equity has, from an early period, exercised a jurisdiction to ascertain and settle them if, in addition to a naked confusion of the controverted boundaries, there is involved in the litigation some other equity which has arisen from the conduct, situation, or relations of the parties. *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609); *Calhoun* v. *Edwards,* 202 *Ga.* 95 (42 S. E. 2d, 426); 4 Pomeroy's Eq. Jur., § 1384; 11 C. J. S. 684, § 99. Thus tested, the allegations of the petition are insufficient to show a case where equity will assume jurisdiction for the purpose of ascertaining and settling a disputed boundary line between coterminous landowners.

6. Applying the foregoing principles, the petition in the instant case failed to state a cause of action for equitable relief; it was, therefore, proper to dismiss it on general demurrer. The case differs from *Culpepper* v. *Cunningham,* 139 *Ga.* 88 (76 S. E. 750), in which the defendant was insolvent and the injury complained of was irreparable in damages. It also differs on its facts from *McNeil* v. *McNeil,* 147 *Ga.* 25 (92 S. E. 644), as there the plaintiff had actual possession of the premises and the defendant was by repeated overt acts wrongfully interfering with her occupancy by cutting shade trees, for which injury damages were prayed.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18023. Argued November 12, 1952—Decided January 13, 1953.

*A. C. Felton III, W. B. Mitchell* and *Owen J. Adams,* for plaintiff in error.

*John H. McGehee* and *Dickson Adams,* contra.