20284, 20303. CARMICHAEL *et al.* TUCKER; and *vice versa.*

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959—
REHEARING DENIED MARCH 6, 1959.

*Phillips, Johnson & Shoob,* for plaintiffs in error.

*Henry M. Henderson, W. R. Tucker,* contra.

*James H. Wood, Jr.,* for parties at interest not parties to record.

ALMAND, Justice. The main bill of exceptions assigns error on the overruling of the general demurrers and certain special demurrers to an equitable petition seeking injunctive relief. The cross-bill of exceptions assigns error on the sustaining of two special demurrers and the overruling of plaintiff's demurrers to the defendants' plea and answer.

In substance the petition of W. R. Tucker alleged: that he was the owner of and held title to the "farming interests" in a described tract of land in Lumpkin County; that in the area where the land was located the term "farming interests" included the ownership and right of disposal of trees and saw timber, subject only to the right of the owner of the mineral and allied interests to appropriate trees, logs, and wood for the operation of their mining and mineral activity; that the defendants were the owners of and held title to the mineral and allied interests in the same described tract of land; and that the defendants, Irma Carmichael and two others, had declared their intention to cut and market all of the saw or sawmill timber standing upon the described tract of land. Tucker further alleged that such threatened action would constitute a continuing trespass against him and do irreparable injury to his "farming interest freehold." The prayer is for an injunction, temporary and perma-

nent, to restrain the defendants from committing the threatened acts of trespass.

■ While equity will as a general rule enjoin the cutting of timber, though the defendant be solvent, where there are frequent acts of trespass, accompanied with threats to continue or the circumstances indicate that the trespasses will recur from day to day, a mere apprehension of injury will not be sufficient to authorize the issuance of an injunction where no sufficient facts are alleged to show that the apprehended injury would be irreparable in damages. *Slaughter* v. *Land,* 190 *Ga.* 491(1) (9 S. E. 2d 754). A bare threat of injury to property, which, if followed by an overt act would work irreparable injury, affords no basis for equitable relief by injunction. *Nottingham* v. *Elliott,* 209 *Ga.* 481(3) (74 S. E. 2d 93). "A general allegation that the acts apprehended will be irreparable, unattended by such a statement of facts as enables the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must show how the irreparable injury apprehended is to arise, by giving a full and detailed statement of the facts, . . . so as to enable the court to determine the necessity for an injunction. *Burrus* v. *City of Columbus,* 105 *Ga.* 46 (31 S. E. 124). A trespass is irreparable when from its nature, it is impossible for a court of law to make full reparation in damages. The fact that it would be difficult, or even impossible, in a given case to procure evidence to show damages, which are in their nature capable of exact computation does not make the trespass irreparable in a legal sense. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342(6) (50 S. E. 164)." *Imperial Hotel Co.* v. *Martin,* 199 *Ga.* 801, 804 (35 S. E. 2d 502).

The instant petition does not allege that the defendants are insolvent or that they have cut any timber on the described land in which the plaintiff owns a "farming interest." The only allegations in the petition as to an apprehended trespass and resulting injury are:

"7. That defendants are presently cutting or having cut saw or sawmill timber on lands south of the subject tract of land and have declared to petitioner their firm intention to cut or have cut

and to market the saw or sawmill timber standing upon said subject tract of land in said Land Lot 165.

"8. That, should the defendants carry through their said declaration, the same will constitute a trespass against petitioner and· his interest in said subject tract of land, and will result in damage to his farming interest freehold.

"9. That said damage and injury, should the same occur, will be irreparable in damages recoverable at law, and any such trespass will be continuing, which, if the same were reparable in damages at law, would necessitate a multiplicity of actions to obtain full and complete relief."

These allegations, based on mere apprehension of injury and general conclusions, without alleging proper facts to show irreparable damages, under the foregoing authorities are wholly insufficient to authorize the grant of injunctive relief, and it was error to overrule the general demurrers to the petition. Since the only relief sought by the plaintiff is to enjoin the defendants from committing acts of threatened trespass, and the petition does not present a case for such relief, it becomes unnecessary to rule on the other questions raised by the demurrers of the defendants.

■ The cross-bill of exceptions assigns error on the order, sustaining the defendants' special demurrers to paragraph 7 of the petition, on the ground that the allegations of that paragraph were ambiguous and duplicitous in that it was alleged that the defendants "have declared to petitioner their firm intention to cut or have cut" timber, without alleging which one of the two intentions the defendants will carry out. The legal effect of one's cutting timber and one's having timber cut is the same. Allegations are not objectionable as being duplicitous where they legally mean the same thing. *Bridges* v. *Brackett*, 205 *Ga.* 637, 642 (54 S. E. 2d 642). The court erred in sustaining this ground of the special demurrers.

■ The defendants in their answer denied all of the material allegations of the petition. They alleged that they owned the timber on the subject land and all other rights and interest in the land with the possible exception of the right to farm and cultivate agricultural products. They further asserted that the

plaintiff had repeatedly recognized their right to the timber on the subject land by bargaining with them for the purchase of timber on said land and by making purchases of timber from the land; and that he is estopped to deny that the defendants are the owners of the timber rights. They attached to their plea and answer certain exhibits in support of their plea that the plaintiff was estopped to deny their ownership of the timber.

The plaintiff in his cross-bill excepts to the order overruling his general and special demurrers to the defendants' plea and answer. Clearly there is no merit in his contention that the plea and answer did not set forth an issuable defense. In the main the special demurrers attack the paragraphs of the plea and answer which contain the exhibits in support of the defendants' plea of estoppel. Two of these exhibits purport to be copies of bills of sale of the saw timber on land lots 164, 165, 169, and 170 in the 11th District and 1st Section of Lumpkin County. One exhibit is an unsigned option to purchase and two letters from the plaintiff to the defendants' mother in regard to the purchase of her timber. It is insisted that none of the documents refers to or identifies the timber as being on the subject land described in the plaintiff's petition, and that they should be stricken from the answer. In their answer the defendants positively alleged that the saw timber referred to in the exhibits is on the land in question. In view of these allegations, we cannot say as a matter of law that the saw timber referred to in the exhibits is not on the subject land. Whether or not these exhibits refer to the saw timber on the land in question, will be a matter for determination on the trial of the case in the event the originals of these documents are offered in evidence. All of the demurrers to the plea and answer were properly overruled.

*Judgment reversed on the main bill of exceptions. Judgment affirmed in part and reversed in part on the cross-bill of exceptions. All the Justices concur.*