## 21378. SHOBKOV v. PENNINGTON.

HEAD, Presiding Justice. The petition does not allege any trespass by the defendant upon any lands claimed by the petitioner, and no facts are alleged to show how or in what manner the defendant stopped the petitioner from the cultivation of his lands. No facts are alleged to show irreparable damages, and none are alleged to show why a court of equity should take jurisdiction in order to avoid a multiplicity of actions. It is not alleged that the defendant is insolvent. The petition failed to state a cause of action for any equitable relief, and the court properly sustained the general demurrers thereto. *Code* §§ 37-120, 55-104; *Smith v. Wood,* 186 Ga. 214 (197 SE 246); *Imperial Hotel Co. v. Martin,* 199 Ga. 801, 804 (35 SE2d 502); *Reeves v. DuVal,* 214 Ga. 630 (2) (106 SE2d 797); *Carmichael v. Tucker,* 214 Ga. 725 (107 SE2d 829).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1961—DECIDED OCTOBER 5, 1961.

*Floyd G. Hoard,* for plaintiff in error.
*H. W. Davis, Davis & Davidson,* contra.

Dennys Shobkov filed a petition for equitable relief against C. M. Pennington. It was alleged: The petitioner is the owner of described lands except 2½ acres adjoining branch, described as follows: "Beginning at a point on said branch and running thence N 76½ E 8.18 to a stake; thence S 16½ E 2.70 to a stake; thence S 60¼ W 4.47 to a stake; thence N 57 W 5.50 to a stake." The defendant is the owner of the lands excepted in the description of the petitioner's lands. The petitioner has plowed and made ready for planting "approximately five acres located adjacent to and on the south and east sides of the lands

316

of defendant; however on or about the 1st day of April, 1961, the defendant did stop, prevent and hinder petitioner from further cultivation of his said lands, and ordered petitioner not to proceed further with the cultivation and planting of same, and refused to allow petitioner to go upon his own lands for the purpose of cultivating and planting same." He further refused to allow an engineer hired by the petitioner to go upon the lands for the purpose of a survey. The defendant "is claiming ownership of some two and one-half acres of petitioner's land, in that defendant is asserting that the beginning corner of his said tract as described herein is located some 40 feet east of the point of beginning located on said branch, . . ." The defendant's assertion has the consequence of attempting to move the property line 40 feet in all directions. The portion of the petitioner's land claimed by the defendant is his bottom land and is his richest and best farm land. Unless the defendant be restrained and enjoined from depriving the petitioner of enjoyment of his lands, he will suffer irreparable damages and will be deprived of the fruits and profits thereof for this year and each year to come. The petitioner has no adequate remedy at law, and in order to avoid a multiplicity of law suits, and in order that the rights of the parties might be established, he brings his action in a court of equity.

The defendant's general demurrers to the petition were sustained, and the exception is to this judgment.