### 23117. CLEMENTS et al. v. ELDER.

PER CURIAM. 1. The petition alleging that plaintiffs are owners of fifty acres of described land, that defendant has gone upon the land and taken possession of it without plaintiff's permission, has plowed the land, cut down trees and pushed up valuable pecan trees, is using it and paying no rents therefor, and has received the profits therefrom of the value of $20 per month since April 1957, and refused to deliver possession or to pay plaintiffs the rent thereon and is threatening to continue said trespasses, and praying that title be decreed in plaintiffs, that they have and recover possession of the land and $20 per month rent since April 1957, and that defendants be temporarily and permanently enjoined from committing the acts of waste and damage complained of, failed to state a cause of action in equity, as the plaintiffs have a complete and adequate remedy by an action of ejectment at law. "Equity will not take cognizance of a plain legal right where

an adequate and complete remedy is provided for by law." *Code* § 37-120. "Except in a case specially provided for by statute, equity will not interfere to restrain a trespass, unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper." *Waters v. Lewis,* 106 Ga. 758 (2) (32 SE 854); *Code* § 55-104. "A court of equity will not ordinarily entertain a bill solely for the purpose of establishing the title of a party to real estate, or for the recovery of possession thereof, as these objects can generally be accomplished by an action of ejectment at law." *Collier v. Garner,* 177 Ga. 467 (3) (170 SE 353). See also *Slaughter v. Land,* 190 Ga. 491 (9 SE2d 754); *Nottingham v. Elliott,* 209 Ga. 481 (74 SE2d 93). The petition does not allege insolvency of the defendant, or irreparable injury, but that defendant has been in possession of the property since 1957 and at some time during that period has cut trees and plowed the land. He alleges a bare threat of future acts of waste. An action at law in ejectment is adequate and complete as the issue of title can be decided and possession of the land and mesne profits recovered if found due. *Code* §§ 33-101, 33-104. The trial court properly sustained the general demurrer to the petition. *Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

Argued September 14, 1965—Decided October 7, 1965.

*Ham & Hampton, James G. Hampton, J. Clinton Sumner, Jr.,* for plaintiffs in error.

*W. B. Mitchell,* contra.