Bailey *vs.* Simpson *et al.*

No appearance for defendants.

---

| 57 | 523 |
| 105 | 46 |

DAVID J. BAILEY, next friend, plaintiff in error, *vs.* HAMILTON SIMPSON, sheriff, *et al.*, defendants in error.

1. If a deed by a husband to his wife, executed in 1852, vested in her, any separate estate, the same, upon her death, descended to him as her sole heir-at-law, unless she died after the law of inheritance was changed by the act of 1871–2: Code, section 2484.
2. A child claiming to share with the husband in such estate, must show, affirmatively, that the descent was cast after the law was so changed.
3. Where the remedy against an impending sale is complete by the interposition of a claim, injunction is needless, and the bill is demurrable.
4. Where injunction is sought on the ground of irremediable injury, a state of facts likely to occasion such injury must be averred.

Deeds. Inheritance. Equity. Injunction. Before Judge
HARRIS. Camden Superior Court. April Term, 1876.

Bailey, as next friend of J. A. Dufour, a minor, filed his
bill, making, in brief, the following case:

Mary R. Dufour was possessed, by inheritance from her
father, (John Bailey,) and by deed of trust from her husband,
A. B. Dufour, of an undivided third interest in a certain de-
scribed lot of land in Camden county, known as the Wood-
bine plantation. By her death, this property passed to her
minor son, J. A. Dufour, as her heir-at-law, and he now
holds as tenant in common with the other heirs of John Bai-
ley, deceased. On June 10th, 1873, a mortgage *fi. fa.* in
favor of one Wm. Royal against A. B. Dufour, was levied by
the sheriff on the aforesaid one-third interest, and it is now
advertised for sale. Complainant therefore alleged that he
has no adequate remedy at law, that the injuries resulting
will be irremediable, and prays for injunction to prevent the
sale of the land, and for general relief.

Exhibit "A," contained a copy of the *fi. fa.*, with the en-
try of levy thereon. The *fi. fa.* recited that it was issued
on the foreclosure of a mortgage on the land by A. B. Du-
four to William Royal, dated June 1st, 1868.

Exhibits "B" and "C," contained respectively the notice
of levy to tenant in possession and the advertisement of the
sale.

Exhibit "D," contained an ordinary deed of gift from A.
B. Dufour to his wife, Mary R. Dufour, dated December 3d,
1852. This instrument, after conveying certain other prop-
erty, proceds, "Also, all his right, title and interest to, and
in that tract or parcel of land situated, lying and being on
the Satilla river, known as the Woodbine plantation, and the
slaves and improvements thereon, the same being the one-
quarter interest in said tract or parcel of land, slaves and im-
provements aforesaid, being the property of the heirs of John
Bailey, deceased, of said county, and state," etc.

Defendants demurred to this bill on the two grounds: 1st.

For want of equity. 2d. Because the bill was inconsistent with itself; it alleged that Dufour made a trust deed to his wife, but set out an ordinary conveyance from husband to wife which was void at the time when made.

The demurrer was sustained and complainant excepted.

S. W. HITCH; J. C. NICHOLS, by L. J. GLENN & SON, for plaintiff in error.

No appearance for defendants.

BLECKLEY, Judge.

Grant that the deed by husband to wife passed title, the title returned to the husband when the wife died, as the law of inheritance formerly stood. It does not appear that the wife died after the law was changed, and the burden of making this appear was on the complainant. Moreover, if the complainant had title, it could have been asserted by the interposition of a claim—there was no need for injunction. The allegation that, without injunction, the complainant's injury would be irremediable, is of no value, for a state of facts is not presented from which such injury is likely to accrue. For aught that appears, all apprehended injury might be prevented by interposing a claim in the usual statutory method.

Judgment affirmed.