## HUFF vs. MARKHAM.

A court of equity will not interfere with the remedies provided for landlords to collect their rent and to recover the premises from delinquent tenants, as contained in sections 4077 to 4081 of the Code, except in extraordinary cases, to prevent fraud and irreparable injury or damage.   Such a case is not presented here.

February 2, 1884.

Landlord and Tenant.   Injunction.   Equity.   Before Judge HAMMOND.   Fulton Superior Court.   April Term, 1883.

Huff filed a bill against Markham, alleging, in brief, that he had leased a hotel from Markham, who had violated the agreements made in such lease, and had failed to make necessary improvements and repairs, causing an expenditure of large sums by complainant; that the defendant had talked among the guests and others having business relations with complainant, injured his credit and business, and by his wrong conduct rendered complainant unable to pay the rent as it fell due; that defendant had sued out a warrant to dispossess him, though on an accounting, defendant was in fact largely indebted to him; that he had offered to return the hotel to defendant, if a reasonable allowance should be made for his improvements, etc., but this had been refused; that he also sought to transfer his lease, and effected a sale of it with the assent of defendant, but the latter subsequently withdrew his assent, and prevented the consummation of the agreement.   An account and settlement of all matters between the parties, and an injunction to prevent interference with complainant's possession, were prayed.

v 71-36

The injunction was refused, and the case was carried to the Supreme Court, and decided at the February Term, 1883, where it will be found reported (see 70 *Ga.*, 284). On the return of the remitter, the bill was amended by alleging that the defendant had, since the decision of the Supreme Court, begun another proceeding to evict him as a tenant holding over; that other like proceedings were anticipated, thus causing a multiplicity of suits and damage to the business before the issues could be determined; that defendant will claim in such actions double rent against complainant, if he can recover any at all, that injuries have continued to accrue from the failure of defendant to repair, etc., as he was bound to do, since the filing of the bill. The prayer was for a consolidation of the cases and a determination of all the issues at once, and for injunction to restrain defendant from prosecuting his proceedings to dispossess claimant.

A general demurrer was filed to the bill, for want of equity, because there was a common law remedy, because the bill was inconsistent, contradictory and uncertain, did not offer to pay, give security or place the parties *in statu quo*, and sought to join both an action for breach of contract and one for tort. There was also a special demurrer to that part of the bill praying for an injunction. The court sustained the demurrer and dismissed the bill, and complainant excepted.

(Another case between these parties, growing out of this lease of the hotel, and the contest arising thereunder, on a bill in the superior court of Bibb county, will be found reported at the present term, and also at the February term, 1884, of the Supreme Court.)

LYON & GRESHAM; W. A. HAWKINS; F. J. M. DALY, for plaintiff in error.

ABBOTT & GRAY; E. N. BROYLES, for defendant.

BLANDFORD, Justice.

A court of equity will not interfere with the remedies provided for landlords to collect their rents and to recover their premises from delinquent tenants, as set forth in §§4077 to 4081 of the Code of this state; except in extraordinary cases, to prevent fraud and irreparable injury or damage.

The case presented by the plaintiff in error in his bill does not come within the exception stated in the above rule; for aught that appears by the allegations in the plaintiff's bill, he has a full, complete and adequate remedy at common law.

The case of *Hall vs. Bell*, 42 *Ga.*, 179, fully covers and controls this case. When the present case was before this court, at the September Term, 1882, the case of *Hall vs. Bell*, cited, was quoted very fully, and approved by the court in the decision then rendered. We conclude that the decision referred to is conclusive and decisive of this case.

The decree of the court, sustaining the demurrer to plaintiff's bill, and dismissing the same, is affirmed.

Judgment affirmed.