Swift & Company v. Coker et al.

Though one tenant in common has the right to use the whole property if he do not exclude the other, he may not obstruct an alley held by them in common "by building a wooden frame entirely across the same and putting up hooks and slides of metal to hang and slide beef and fresh meat on." That the other tenant is not using the alley at the time of such obstruction and is therefore not damaged by it, makes no difference.

November 25, 1889.

Tenants in common. Alleys. Injunction. Before Judge Marshall J. Clarke. Fulton superior court. October term, 1889.

The superior court granted an injunction restraining defendants from obstructing an alley ten feet wide, owned by plaintiffs and defendants' landlord, owners of property adjacent, such obstruction being the placing of upright wooden pieces ten or twelve feet high against

the brick walls of the buildings on either side, with wooden cross-pieces over the top, making an open frame with a metal slide and hooks in the top on which to hang meat; the structure being nearly complete when the petition for injunction was presented, this being done, as plaintiffs deposed, as soon as they discovered the work. The defendants claim that it does not obstruct the alley as a walk-way or for passing anything into or through it, and that it does not hinder the plaintiffs or their tenants from using the same. They further say, in their answer, that they recognize complainants' rights thereto; that it is not their purpose to obstruct it; and that if the contemplated use be determined to be an interference with complainants' rights, defendants are ready to discontinue it. But they insist that their landlord is a tenant in common with complainants as to the alley, which is not public but the private property of the joint owners. They show that this alley was the main inducement to their renting the building they occupy, to make which ready for their business they have expended large sums. They have leased this building for five years with privilege of renewal. Its back door opens into the alley. There is no opening from complainants' building there, except windows in the second and third stories. There is a wooden floor in the alley, level with a platform at the end and extending by the sides of the brick buildings the width between them and the track of the Western & Atlantic railroad. At the end of an alley opening on the platform is a large gate, which defendants say is not used by any one save the occupants of the building in the rear of complainants'. They say also that the alley is not and has not been in use by complainants or their tenants; that if it be more in accordance with the rights of the parties, the framework can be taken from one side and made to extend for half way over the alley on the other, supported by

braces, and this will be done if required; and that the Cokers have, on their side, two large sewer-pipes running down their wall from the upper stories, which pipes occupy twice as much lateral space as the timbers placed there by defendants.

The deeds under which the Cokers hold title convey " the undivided half" of the alley, and stipulate that it is to be kept open and used as such and for no other purpose, for their use and benefit and for that of the Atlanta & Roswell Railroad Company (the common source of title). A deed from this company, under which defendants' landlord holds title, conveys land including the rented premises, excepting " an alley of five feet on the southeast end of said lot adjoining the buildings of Lee and Calloway, which alley is to be kept open for the mutual benefit of the owners of the property on each side of said alley." S. W. Lee was the vendee of the railroad company of " the undivided half" of the alley, and under him the Cokers hold title.

One of the Cokers swore that the alley has been open and used as such for the joint benefit of the property of deponent and the other property contiguous thereto, for twenty years or more, and has been entirely free from all obstruction until the erection of the framework in question; that the pipes running down the rear of their building are ordinary gutters about four inches in diameter, such as are commonly used all over the city in streets and alleys; that they are part of the building and were put there when it was built, and do not obstruct the alley; that deponent counted fifteen such pipes running down the back walls of buildings in a public alley twenty feet wide in another place in the city; and that he was told by defendants' landlord that there were similar pipes on the rear of his own building in the alley in question. There was testimony for defendants to the effect that this was not a public alley but only an entrance from the platform running by the

railroad track, and has heretofore been used chiefly for delivering produce from the cars on wheelbarrows or trucks into the stores occupied by affiants; that Cokers' pipes occupy six or eight inches on his side and take up more room than do the timbers of the framework; that this frame does not hinder or obstruct the alley for ordinary purposes, or for any possible use that can be imagined by affiants, who are also tenants of defendants' landlord and occupy neighboring stores; that it does not obstruct light or air, and is not in the way of any one walking or rolling trucks or wheelbarrows in the alley; and that defendants have expended large sums in getting ready, etc., and would suffer heavy loss if deprived of the use of the alley.

Defendants excepted to the order granting the injunction.

P. L. MYNATT, for plaintiffs in error.

HALL & HAMMOND, *contra.*

SIMMONS, Justice.

The trial judge did not err in granting the injunction complained of in this case. Both of these parties held under deeds which stipulated and agreed that the land was to be used for no other purpose than as an alley, and that it was to be kept open and used as an alley for the mutual benefit of the owners of the property on each side of the alley. Under these covenants in the deeds, we do not think that the defendants had any right to obstruct the alley "by building a wooden frame entirely across the same, and putting up hooks and slides of metal to hang and slide beef and fresh meat on," as alleged in the complainants' petition. The obstruction seems to have been erected by upright posts attached to the walls on each side of the alley, and cross-beams running from one post to another the whole length of the alley; and attached to these cross-beams was the slide, with hooks for the purpose of

fastening the beef, so that it could be carried from one end of the alley to the other and stored in the warehouse of the defendants. While it is true that under the law, one tenant in common has a right to use the whole property if he does not exclude his co-tenant, we think that under the covenants in these deeds this structure and slide were not the kind of use contemplated therein. If this had been an alley dedicated to the public, no one would contend that he had a right to erect a structure of this sort therein. While the alley under consideration is not a public alley, under the covenants in the deeds we think the same principle of law as between the owners on each side thereof applies, and that it must be used only for the purposes mentioned in the deeds. One tenant in common has no more right to obstruct it over the objections of the other tenants, than he would have to obstruct a public alley over the objection of the town authorities. Nor do we think that the fact that the plaintiffs were not using the alley at the time the obstruction was erected and therefore were not damaged by the obstruction, makes any difference in law. The plaintiffs are entitled to stand on their legal rights, whether they are damaged or not, and to object to the alley being diverted from the use for which it was originally intended and which was stipulated in the deeds.        *Judgment affirmed.*