## HANCOCK *v.* THARPE. *et al.*

1. Whether under the facts of this case the parties plaintiff and defendant were strictly and technically tenants in common, their rights in and relationship to the property in controversy were, so closely analogous to the rights and relationship of tenants in common, in and to the property held in common, that the plaintiff was entitled to the same relief against the defendants as one cotenant would be entitled to against another cotenant who seeks to interfere unlawfully with the legitimate use and enjoyment of the common property.

2. In case of injury to the common property, or of unlawful interference with its use and enjoyment by a cotenant, relief may be had by injunction at the suit of the other cotenant.

Submitted June 11, 1907.—Decided January 31, 1908.

Petition for injunction. Before Judge Felton. Houston superior court. April 19, 1907.

This was a petition for injunction, brought by Hancock against Tharpe and others, containing the following allegations: In the fall of 1906, plaintiff and defendants entered into an agreement whereby said parties undertook to construct a short-line telephone from the residence of one Tucker to Tharpe, Ga., a distance of about four miles. Tucker already had a telephone line from his residence to Byron, Ga., and agreed to permit his private line to be connected with the proposed line to be built by plaintiff and defendants, thus making a continuous' line of telephones extending from Byron, Ga., to Tharpe, Ga., it being agreed that all parties, including Tucker, should have joint use of said line. "After agreeing with Tucker, petitioner and defendants agreed among themselves as to the construction of the line which was to be connected with the line of Tucker, said agreement being that each of the four parties (petitioner and the three defendants) should share equally in the expense and labor of the undertaking, and each party to be allowed to use the line, . . said line to be the common property of all the parties when built. No provision was made for the dissolution of the partnership thus organized for the sole purpose of the construction of said short line. The property is joint property; the use is joint use." In pursuance of the agreement, the line was completed on or about October 16, 1906. The defendants became involved in a controversy with one Bateman, claiming that Bateman, while not contributing to the expense of constructing the line of telephone, was in the habit of using it at petitioner's store, and, "in order to prevent said Bateman from using said line, defendants cut said line about a mile and a half from petitioner's house," thus depriving petitioner of the use of the greater part of the line. The defendants have threatened to again cut said line should petitioner repair it. Irreparable damages to him are alleged; and it is prayed that "an injunction be granted, restraining the defendants from again cutting said wire or otherwise molesting same." The defendants denied that the line of tele-

phones was constructed jointly as alleged in the petition, but alleged that "all the parties agreed that each person should build agreed sections, . . and that in accordance with this agreement the line was built in sections, Earnest Tharpe [defendant] building one and one half miles, Hancock [plaintiff] building one and one half miles, and Dorsett and W. D. Tharpe [defendants] building two miles of the line, and the lines being joined by common consent of all the parties." Defendants admitted that the wire, brackets, and insulators were purchased jointly, and that the cost of the same was borne equally by all the parties, "but the labor of putting up the different lines and the poles for that purpose were furnished by the persons putting up the different lines." Defendants deny that any partnership was contemplated by the parties, or that the line is partnership property. They allege that the plaintiff permitted Bateman, who had contributed nothing to the erection of said line, to go to plaintiff's store and use the telephone to an extent of double the combined use made of the line by all of the defendants, thus "involving an annoying use of the telephone; for defendants show that the telephones are all on a continuous wire, and when one telephone rings, it has the effect of ringing all the phones on the line. When defendants ascertained that the line was so used, and that plaintiff would not prevent the use of the telephone by Bateman, . . they concluded that they would disconnect, and they did so disconnect. Defendants show that they have not cut the line of said Hancock, but that the line cut was that of [one of the defendants], and they have done plaintiff no legal wrong or injury."

The testimony introduced by the defendants upon the hearing of the application for injunction tended to show that the telephone line was built in sections, each of the parties building a certain section, as alleged in the answer, and that the point at which the wire was cut was on the section built by Earnest Tharpe, one of the defendants. The last-named defendant testified: "The disconnection of the wire was not with a view to settle any difficulty with Bateman, or to force him to contribute to building expenses; but I and the other defendants decided that under the circumstances they would not have a line in common with Hancock; and under the circumstances I am unwilling that the line be used by myself and Hancock in common, under any circumstances; and to force me to

allow my wire to be used by Hancock would amount to forcing me to discontinue the use of my own wire."

The court refused to grant the prayer for injunction, and the plaintiff excepted.

*Oliver C. Hancock* and *Sidney W. Hatcher,* for plaintiff.

*H. A. Mathews,* for defendants.

BECK, J. (After stating the facts.) We are of the opinion that under the pleadings and evidence in this case the court should have granted an injunction restraining the defendants from any further interference with the telephone line and wires in controversy, tending to impair or destroy their utility for the purposes in contemplation of the parties at the time of the joint construction of the line by the plaintiff and defendants in this case. If the petition as it stood originally was open to the objection that the relief sought was a mandatory injunction, a remedy to which under our law the plaintiff would not be entitled, the amendment which was offered and allowed obviates this objection; and under the pleadings as amended, the plaintiff is clearly seeking to prevent the defendants from any further act destructive of the property, in case he should repair the defects already caused by the unauthorized acts of the defendants. We apprehend that the judge below was led into the error of refusing the injunction sought, because of the fact that counsel for the petitioner based his right to injunctive relief very largely, if not entirely, on the theory that the plaintiff and the defendants constituted a partnership in the matter of the use, enjoyment, and ownership of the telephone line. The contention of counsel for the plaintiff, that his client and the defendants in the case were partners relative to the property in question, is not well founded. It is not necessary, nor would it be proper, to enter into a discussion of what constitutes a partnership, and from what state of facts that relationship arises. It is sufficient to say that, upon the application of the simplest and plainest of the primary tests, the foundation for the contention that a partnership existed is at once destroyed: the element of agency is entirely wanting. No one of the members of the alleged firm could by any of his acts have bound the other members by a contract in their name by which they would have incurred liability for debts; there was no provision made for equation or division of profits. As a matter of fact, beyond the use of the telephone line and the

convenience and advantages to be derived from such use, no profits were in contemplation from which there could have been a division either equally or proportionally. Nor do we see that the death of either of the parties would have affected a continuation of the joint use of the property. And in addition to all of this, we find no evidence in the record manifesting an intention upon the part of any of the persons interested in the joint enterprise to create a partnership inter se. Other tests might be applied which would tend effectually to show that there was no partnership.

But the destruction of the foundation of the plaintiff's contention that a partnership existed between the parties does not necessarily destroy his right to injunctive relief, if that right is made manifest by the evidence which was admissible under the pleadings. Without deciding whether these parties were strictly and technically tenants in common of the property in question, their relationship to it was so closely analogous to the rights and relationship of tenants in common in and to the property held in common, that, in so far as the relief sought in this case is concerned, they may be treated as tenants in common, and as such entitled to such protection in a court of equity as one tenant in common is entitled to against another who seeks by an unlawful act to destroy or interfere with the use of the common property, or unlawfully to deprive his cotenant of the legitimate use and enjoyment of the common property. We will not enter upon a discussion of what would be a lawful use and enjoyment of the property in controversy under all circumstances. "Perhaps no more specific rule as to what is a legitimate use and enjoyment of the common property may be laid down than that each cotenant may use and enjoy the common property in a reasonable manner to the extent of his own interest, but can not in any way impair or interfere with the equal right of his cotenants to a similar use and enjoyment. What is a reasonable use will obviously depend upon the nature of the property." 17 Am. & Eng. Enc. Law (2d ed.), 671. While the act of the defendants in this case in cutting the wires of the telephone may have been intended to prevent improper and unlawful uses of the line, it certainly had the effect also of destroying the lawful use and enjoyment of the same. And when the plaintiff resorted to equity to prevent the destruction by the tenants in common of the lawful use and enjoyment of the property, he was asking nothing more than the

court has jurisdiction, and should stand ready, to give. There is ample authority for the proposition that injunction is a proper remedy in cases of unlawful injury to common property, or of interference with its use and enjoyment. 17 Am. & Eng. Enc. Law (2d ed.) 705, and cases there cited.

In the case of *Swift* v. *Coker*, 83 *Ga.* 789, Mr. Justice Simmons, who delivered the opinion in that case, speaking with reference to obstructions placed by one tenant in common in an alley held by the parties in common, said, "One tenant in common has no more right to obstruct it [the alley], over the objections of the other tenants, than he would have to obstruct a public alley over the objection of the town authorities. Nor do we think that the fact that the plaintiffs were not using the alley at the time the obstruction was erected, and therefore were not damaged by the obstruction, makes any difference in law. The plaintiffs are entitled to stand on their legal rights, whether they are damaged or not, and to object to the alley being diverted from the use for which it was originally intended and which was stipulated in the deeds." And it was there held that the party complainant seeking injunctive relief was entitled to that remedy as against his cotenant who sought to obstruct the way in question. And under the doctrine stated and maintained in that case, and the other authorities to which we have referred, the petitioner in the present case was entitled to an injunction against further acts of interference upon the part of the defendants with the use and enjoyment of the property in controversy.

If it be true, as defendants in this case insist, that the plaintiff himself is making such use of his telephone, or permitting such use of it by others, as would constitute an abuse of the privilege of using the line, the defendants themselves, under the principles ruled in this case, will not be without a remedy,—a remedy which the same tribunal as the plaintiff has restorted to in the present action is not without jurisdiction to apply. Annihilation of the property, the remedy which the defendants have sought by themselves to apply, may be very simple and easy of application; but it is entirely too drastic, and their hands must be withheld.

*Judgment reversed. All the Justices concur, except Holden, J., who did not preside.*