## 7292. ANDERSON v. LUCKY.

The petition set forth a cause of action.

DECIDED JULY 27, 1916.

Action on contract; from city court of Louisville—Judge T. L. Hill presiding. February 1, 1916.

*R. G. Price, G. C. Anderson,* for plaintiff.

*A. R. Williamson,* for defendant.

BROYLES, J. J. M. Anderson brought his action of complaint against R. W. Lucky in the city court of Louisville. The court dismissed the petition on general demurrer, and the plaintiff excepted. Anderson alleged in his petition that the defendant had injured and damaged him in the sum of $2,500, arising out of a breach of contract upon the following facts, to wit: "On or about the year 1904 one R. R. Hatcher told the petitioner that if petitioner and one J. J. Phillips would erect and put up telephone poles for a distance of about five miles leading from Hatcher's Mill in Jefferson county to Wrens, Georgia, he would furnish the wire, insulators, and all other stuff necessary to establish and put up a telephone line from said Hatcher's Mill to Wrens, Georgia; that

acting upon said agreement said R. R. Hatcher, petitioner, and said J. J. Phillips did erect and put up the necessary telephone poles from said Hatcher's Mill to Wrens, Georgia, and that said R. R. Hatcher did furnish the wire, insulators, etc., as aforesaid, and said telephone line was built and completed by petitioner and said Phillips and Hatcher as aforesaid; that it was agreed by said R. R. Hatcher that if petitioner and said J. J. Phillips would do the work aforementioned in connection with the erection of said telephone line, said R. R. Hatcher, would give to petitioner and said J. J. Phillips the separate and distinct right to use said telephone line from Wrens, Georgia, to Harlem, Georgia. The contract aforesaid was made separately between said R. R. Hatcher and petitioner and J. J. Phillips, but petitioner and said J. J. Phillips merely joined in a common work and purpose to do the job of putting up the poles on the line for the distance aforesaid, and the right to use and enjoy service over said telephone line from Wrens to Harlem was a separate and not a joint right vested in petitioner and said J. J. Phillips to use said line as aforesaid. That a telephone line at the time the above five miles was built had already been erected by the said R. R. Hatcher from Hatcher's Mill to Harlem, Georgia, and that constituted one continuous line from Wrens, Georgia, to Harlem, Georgia, belonging to said R. R. Hatcher, subject to the right of use vested in petitioner and J. J. Phillips according to the foregoing allegations. That in addition to putting up the poles and helping to do the work of putting and establishing the wire on the poles on the above-mentioned five miles distance, it was agreed by said R. R. Hatcher that if petitioner and said J. J. Phillips would keep said five miles line in repair, that each one of them, petitioner and said J. J. Phillips, each one would have the separate right to use said line for telephone service forever. That petitioner continued to enjoy the use and services over said telephone line under the contract aforesaid from the time it was erected up to April 21st, 1906, when the defendant, R. W. Lucky, bought out the interest of said R. R. Hatcher in said telephone line, subject to the interest of petitioner and J. J. Phillips. That petitioner had complied with his contract in full with said R. R. Hatcher up to the time that he sold out to the defendant on April 21st, 1906. That when defendant bought out the interest of said Hatcher as aforesaid, he made a verbal con-

tract with petitioner in person to allow him the same rights of use and service over said telephone line as he was exercising under the contract that had been made between him and R. R. Hatcher; and in this contract the said R. W. Lucky acknowledged the rights of petitioner under the contract with said Hatcher, and then agreed to and assumed directly with petitioner the same obligations that the said R. R. Hatcher had granted and assumed under the contract aforesaid. That acting upon this contract with defendant, plaintiff and defendant entered into the performance of said contract immediately and continued to operate and use said telephone line from Wrens to Harlem from April 21st, 1906, up until or about April 9th, 1915. That petitioner performed all of his obligations under said contract, and kept said line in repair through the help and assistance of said J. J. Phillips, and was therefore entitled to the continuous and uninterrupted right to use and enjoy service over said telephone line. Petitioner further shows that notwithstanding his vested rights under the contract aforesaid, the defendant, without cause, on April 9th, 1915, cut your petitioner loose from said line, and refuses to allow petitioner to use and enjoy his rights over said line in any way whatever, and has thereby breached the contract aforesaid and damaged your petitioner as hereinbefore alleged. That the right to use and enjoy service over said line was well worth to your petitioner the sum of $200 per year."

The learned counsel for the defendant argues in his brief that the judgment on the demurrer was correct, for the reason that the contract as set forth in the petition shows either that there was a partnership between the parties or that they were tenants in common of the telephone line; and that, if he is mistaken as to both of these contentions, the contract is not such a one that damages could be collected for a breach thereof, especially as the damages claimed are not definite, and it is not possible to estimate from the allegations of the petition the amount of the damages. In our judgment, under the contract set forth in the petition and the allegations thereof, there was neither a partnership between the parties nor a tenancy in common. As was said by Justice Beck in *Hancock* v. *Tharpe*, 129 *Ga.* 812 (60 S. E. 168): "The contention of counsel for plaintiff, that his client and the defendants in the case were partners relative to the property in question, is not

well founded. It is, not necessary . . to enter into a discussion of what constitutes a partnership, and from what state of facts that relationship arises. It is sufficient to say that, upon the application of the simplest and plainest of the primary tests, the foundation for the contention that a partnership existed is at once destroyed: the element of agency is entirely wanting. No one of the members of the alleged firm could by any of his acts have bound the other members by a contract in their name by which they would have incurred liability for debts; there was no provision made for equation or division of profits. As a matter of fact, beyond the use of the telephone line and the convenience and advantages to be derived from such use, no profits were in contemplation from which there could have been a division either equally or proportionally. Nor do we see that the death of either of the parties would have affected a continuation of the joint use of the property. And in addition to all this, we find no evidence in the record manifesting an intention upon the part of any of the persons interested in the joint enterprise to create a partnership inter se. Other tests might be applied which would tend effectually to show that there was no partnership." So far as this point is concerned, this quotation from the opinion of the learned Justice fits the instant case.

The facts in this case, as disclosed by the petition, clearly show that there was no tenancy in common between the parties involved. A tenancy in common is created wherever two or more persons, from any cause, are entitled to the possession simultaneously of any property in this State. Although it is true that tenants in common may have unequal shares of the property, yet each one must have a share thereof. Civil Code, § 3723. See also, on this subject, 38 Cyc. 3.

The case of *Hancock* v. *Tharpe,* supra, cited by counsel for the defendant, is distinguished, *as to this point,* by its facts from the instant case. In that case the material difference, as to this point, is that it was agreed between the parties that the telephone line was to be *their common, joint property,* after it was erected, while in this case there was *no common or joint interest whatever in the physical property* of the telephone line; the line being owned by one of the parties solely, while the other two parties had merely a right to use the line for telephone purposes.

The mere fact that the plaintiff might possibly, or probably, obtain more adequate relief in a different kind of action, or in a court of equity, is no reason for denying his right to sue for damages for a breach of contract. The petition may possibly be subject to special demurrer, for lack of sufficient data for calculating the amount of damages sustained, or for other defects, but its allegations certainly show that the plaintiff is entitled to at least nominal damages for the breach of the contract. A breach of contract gives a right of action even where special damages are not alleged. *Kenny* v. *Collier,* 79 *Ga.* 743 (8 S. E. 58); *Sutton* v. *Southern Ry. Co.,* 101 *Ga.* 776 (29 S. E. 53); *Graham* v. *Macon, Dublin & Savannah R. Co.,* 120 *Ga.* 757 (5), 760 (49 S. E. 75).

The· court erred in dismissing the petition on demurrer.

*Judgment reversed.*