NALLEY LAND AND INVESTMENT COMPANY *v.* SHADDIX *et al.*

ATKINSON, J.   1. "In this State, when the power of a court of equity is invoked to prevent threatened injuries to realty, the old common-law distinction between waste and trespass still exists, and an injunction may issue to prevent the commission of waste, although, if committed, it may not be irreparable in damages and the party threatening to commit it may be solvent; but the rule is otherwise as to mere trespass." *Brigham* v. *Overstreet*, 128 *Ga.* 447 (6) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75).

2. "Affidavits submitted on the hearing should be incorporated in the bill of exceptions to review a refusal of an interlocutory injunction, or be attached as exhibits thereto, duly and properly identified, or be embodied in an approved brief of evidence and brought up as a part of the record." *Eubanks* v. *Eastman*, 120 *Ga.* 1048 (48 S. E. 426).

3. A warranty deed purporting to convey "in fee simple" described realty to the County Board of Education of a county, in consideration of the grantor's "interest in the cause of common-school education," contained the clause: "It is understood and agreed that said property shall be used solely for said purposes; and within one year from the date of this deed being made, the said parties of the second part or their successors in office shall erect a school building on said premises, which building shall be used for the purposes herein named; and it is agreed that should the said parties of the second part fail to erect such building, or should the parties after building is erected fail or neglect to maintain a school at said place for the space of any two years hereafter, then the title to said property hereby conveyed shall revert unto the said party of the first part, and the members who constitute the County Board of Education at such time, or any other body of men or members who shall at that time stand in lieu of the present members of the County Board of Education, shall make or cause to be made a deed of reconveyance of title to said property to the party of the first part or its successors or assigns." In reliance upon the stipulation for reversion, "should the parties after building is erected fail or neglect to maintain a school at said place for the space of any two years hereafter," the grantor, on December 17, 1929, instituted an action against the grantee, alleging that no school had been taught at said place since the closing of the school in April, 1928, and that a reversion would shortly occur by abandonment of the school; and seeking to enjoin, as a trespass, the further demolishing of the building in which school had been taught, and damages for injury to the building already committed. The answer of the defendants admitted the partial destruction of the building and intention to demolish it entirely in order to use the material in the improvement of another building at a different location, but denied intention to permanently abandon a school at that place; and set up that sufficient time had not elapsed for reversion on account of a breach of the covenant declared upon. *Held:*

(*a*) Dealing with the case upon the admissions in the pleadings, (1) there was no allegation or proof of insolvency of the defendants, to authorize injunction to prevent a trespass; (2) nor was there any allega-

tion or proof of a breach of the covenant at the time of commencement of the suit, to support an injunction to prevent a trespass or waste. .

(b) The character of the building in question, the manner of its attachment to the soil, or by whom or when it was constructed is not made clearly to appear; and no specific decision having been made by the trial court upon whether the building was appurtenant to the soil, no ruling will be made on that subject. See *LaRowe* v. *McGee*, 171 *Ga.* 771 (156 S. E. 591); 11 R. C. L. 1084, § 27; Mosca Town Co. *v.* Wellington, 39 Colo. 326 (89 Pac. 783, 121 Am. St. R. 175); 26 C. J. 670, § 27.

4. The judge did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*

No. 7633.  FEBRUARY 12, 1931.

*Lawton Nalley,* for plaintiff.  *Astor Merritt,* for defendants.