## LENOIR *v.* HAMLIN.

No. 8606. MAY 12, 1932.

*R. D. Feagin,* for plaintiff.

*Turpin & Lane,* for defendant.

HILL, J. Mrs. L. E. Lenoir filed her petition for injunction against A. B. Hamlin, alleging in substance that she is the owner of a strip of land in Bibb County, seven feet wide by 1255 feet long, particularly described; that the defendant is interfering with petitioner's peaceable possession of the land; that he has pulled up certain fence posts on the land which petitioner placed thereon, has "threatened petitioner with a shotgun" if she interfered with him, and has informed her that he intends to fence in the strip of land, though he has no title or lawful claim to the land, and has in fact tried to buy it from petitioner; that if he is allowed to continue in his acts of trespass, she will be put to considerable expense in evicting him; and that he has threatened her with a peace warrant. She has no adequate remedy at law. She prays that defendant be restrained from interfering with her possession and ownership of the land; that he be enjoined from trespassing thereon and from undertaking to fence the land or to go thereon, or from exercising acts of ownership thereover. By amendment it is alleged that petitioner is an aged woman, afflicted, in ill health, and practically an invalid; that defendant's threats to take petitioner's land and to oust her from the peaceful possession of same have caused her great mental and physical suffering and have injuriously affected her health; and if he is permitted forcibly to take her land, she will suffer serious mental and physical pain and suffering and it will actually endanger her health and life, and her damages would be irreparable and incapable of ascertainment, and the defendant's conduct would be a continuing trespass.

The defendant filed a demurrer to the petition on the grounds: (1) The petition sets out no cause of action at law or in equity against defendant. (2) There is no equity in the bill. (3) It fails to set out any description which would identify the property. (4) Petitioner has an adequate remedy at law. The defendant also answered. He denied certain acts of violence alleged by the petitioner, but admitted that he was exercising acts of ownership over the property in controversy; alleging that the property was his, that he had purchased it from petitioner with other property,

and that she has no title or right in the property. The court sustained the demurrer and dismissed the case. The plaintiff excepted.

1. Equity will not restrain a trespass unless the injury is irreparable in damages, or the trespasser is insolvent, or there exist other circumstances which in the discretion of the court render the interposition of this writ necessary and proper, among which shall be the avoidance of circuity and multiplicity of actions. Civil Code (1910), § 5493. The petition in the instant case does not allege that the defendant is insolvent; no facts are alleged which show that the damages, if any, are irreparable; and no other facts are alleged for which an adequate remedy at law is not provided. It is true the plaintiff alleges that her damages would be irreparable and incapable of ascertainment, and that defendant's conduct would be a continuing trespass; but no such facts are alleged as would give a basis for the conclusion reached by the pleader. If the defendant is in possession of plaintiff's land and refuses to yield that possession, the plaintiff has an adequate remedy by ejectment and mesne profits to compensate her for any damages sustained. The mere allegation that defendant is threatening to take a peace warrant for plaintiff is not ground for injunctive relief. Neither is the fact alleged that defendant's conduct in threatening the plaintiff is seriously affecting her health on account of her advanced age sufficient to justify an injunction. In *Nalley Land & Investment Co.* v. *Shaddix*, 172 *Ga.* 171 (157 S. E. 291), it was held: "In this State when the power of a court of equity is invoked to prevent threatened injuries to realty, the old common-law distinction between waste and trespass still exists, and an injunction may issue to prevent the commission of waste, although if committed it may not be irreparable in damages and the party threatening to commit it may be solvent; but the rule is otherwise as to mere trespass." And see *Brigham* v. *Overstreet*, 128 *Ga.* 447 (6) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75), where a discussion of the common law and the law of Georgia, on which this distinction is based, may be found.

2. The petition describes the land in controversy as follows: "Petitioner is the owner of a strip of land in said State and county, 7 feet wide by 1255 feet long, in the Rutland district of

said State and county, being a part of land lot 247, and being a strip of land on the extreme east side of the 44-acre tract described in the deed of January 21, 1919, from Thomas Lenoir to petitioner, which deed is recorded in the clerk's office of Bibb superior court in Book 229, folio 634, and said 44-acre tract is fully described therein. Said strip of land adjoins on the east a 10-acre tract conveyed by petitioner to defendant." The demurrer to the petition challenges the sufficiency of this description as the basis for the present suit; and we are of the opinion that it is not too indefinite to accurately describe the property.

The court did not err in sustaining the demurrer to the petition and dismissing the suit, and in refusing to grant the injunction prayed for.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent, and Hines, J., absent for providential cause.*