## CHAPMAN *et al. v.* FAUGHNAN.

No. 11485.   SEPTEMBER 18, 1936.

*W. C. Hodges* and *J. P. Dukes*, for plaintiffs in error.
*M. Price*, contra.

HUTCHESON, Justice.  Miss Ellen Faughnan brought her petition against Clyde L. Chapman, Mrs. F. L. Chapman, and Mrs. A. G. Pinkston.  The petition as amended alleged substantially as follows:  The plaintiff is the owner of one fourth undivided interest in a certain tract or parcel of land in Ludowici in Long County, Georgia, on which is located a dwelling-house now occupied by one Harrison.  Defendants have entered upon said property, and over the protest of petitioner have begun to tear down the dwelling-house and are threatening to continue to do so.  Plaintiff admits that defendants are the owners of one sixth undivided interest in the property, but they have no authority to tear down the dwelling-house.  Their acts amount to a trespass with a threatened continuance of the same; and plaintiff will suffer irreparable injury unless the defendants are restrained.  They have already damaged plaintiff $100 or other large sum.  She claims an undivided interest in the property by reason of the fact

that she with others owned jointly certain real estate which was sold and the proceeds turned over to Miss Annie Faughnan with the understanding and agreement that Miss Annie Faughnan was to purchase the property in dispute for and in behalf of herself and the plaintiff and the other owners of the property previously sold. Instead of purchasing the property in the name of all the joint owners, Miss Annie Faughnan took title to the same solely in her name, and the deed was duly recorded. Plaintiff has always openly claimed her interest in the property and was in possession of it, and her tenant, Harrison, was occupying it at the time of the purchase by the defendants. By reason of these facts the defendants were put on notice of the claim of plaintiff to an undivided interest in the property. The prayers were for injunction, judgment for damage already done, and for decree vesting title in plaintiff of one fourth undivided interest in the property. General and special demurrers to the petition as amended were overruled, and the defendants excepted. There was no demurrer on the ground of nonjoinder of parties plaintiff or defendant.

1. Where land is purchased by one with the money of others, under an agreement and understanding that title is to be taken in the name of all, and the one procures a deed to the land but causes it to be made to himself alone, an implied trust will arise in favor of the others as to an undivided interest in the land. Code, §§ 108-106, 108-107; *Pound* v. *Smith,* 146 *Ga.* 431 (4) (91 S. E. 405); *Jones* v. *Luffman,* 148 *Ga.* 770 (98 S. E. 262); *Harris* v. *Harris,* 154 *Ga.* 271 (114 S. E. 333).

2. "Actual possession by the cestui que trust is constructive notice to a purchaser of the occupant's equitable title. *Garbutt* v. *Mayo,* 128 *Ga.* 269 (57 S. E. 495, 13 L. R. A. (N. S.) 58); *Broadwell* v. *Maxwell,* 30 *Ga. App.* 738 (8) (119 S. E. 344). And a purchaser bona fide and for value from the trustee takes with notice of the equitable title." *Bank of Arlington* v. *Sasser,* 182 *Ga.* 474 (185 S. E. 826).

3. A perfect equity is the equivalent of legal title. *Dudley* v. *Bradshaw,* 29 *Ga.* 17, 25; *Sikes* v. *Seckinger,* 164 *Ga.* 96 (137 S. E. 833); *Bank of Arlington* v. *Sasser,* supra.

4. "In this State, when the power of a court of equity is invoked to prevent threatened injuries to realty, the old common-law distinction between waste and trespass still exists, and an in-

junction may issue to prevent the commission of waste, although if committed it may not be irreparable in damages and the party threatening to commit it may be solvent; but the rule'is otherwise as to mere trespass." *Brigham* v. *Overstreet,* 128 *Ga.* 447 (6) (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75); *Nalley Land & Investment Co.* v. *Shaddix,* 172 *Ga.* 171 (157 S. E. 291).

5. A tenant in common may enjoin waste by other tenants, and recover damages for injury already done. *Hancock* v. *Tharpe,* 129 *Ga.* 812 (60 S. E. 168). See *Camp* v. *Dixon,* 112 *Ga.* 872 (38 S. E. 71, 52 L. R. A. 755); *Moore* v. *Daugherly,* 146 *Ga.* 176 (91 S. E. 14); *Bainbridge Farm Co.* v. *Ball,* 165 *Ga.* 582 (2) (141 S. E. 647).

6. Under the above rulings and the allegations of the petition as amended, a cause of action was set forth for the relief prayed for; and the court did not err in overruling the general demurrer. The assignments of error on the overruling of the special demurrers are without merit, and the court did not err in overruling them. *Judgment affirmed. All the Justices concur.*