CROSBY *v.* ROGERS.

No. 14848.   MAY 4, 1944.

621

*R. L. Dawson* and *H. M. Hodges,* for plaintiff in error.

*J. T. Grice,* contra.

DUCKWORTH, Justice. ■ There are three special grounds of the motion for new trial, each of which excepts to the allowance of specified testimony of named witnesses for the defendant in error "over the objection of counsel for movant." But none show what, if any, grounds of objection were made and urged at the trial. In thus failing to show any ground of objection urged at the trial, these special grounds are insufficient to raise any question for decision. *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (102 S. E. 425) ; *Shirley* v. *Byrd,* 162 *Ga.* 598 (134 S. E. 316) ; *Trussell* v. *State,* 181 *Ga.* 424, 425 (2) (182 S. E. 514) ; *Smith* v. *State,* 192 *Ga.* 713 (2) (16 S. E. 2d, 543). Each of these grounds sets forth various arguments why the evidence therein complained of should have been excluded; but it is settled law that grounds of objection to evidence must be urged upon the trial, and can not be urged for the first time in a motion for new trial, and that exceptions to the admission of evidence will be determined by the grounds of objection urged upon the trial. *Walthour* v. *State,* 191 *Ga.* 613 (1 *a*) (13 S. E. 2d, 659) ; *Holley* v. *State,* 191 *Ga.* 804 (6) (14 S. E. 2d, 103) ; *Mickle* v. *Moore,* 193 *Ga.* 150, 153 (17 S. E. 2d, 728), and cit. The special grounds are without merit.

■ The petitioner testified in his own behalf that he had an agreement with the defendant whereby they were to buy the land sued for jointly, that he delivered his half of the purchase-money to the defendant, and trusted him to pay the purchase-money and obtain a deed conveying the land to them jointly. He further testified that he had received half of the proceeds from the sale and lease of timber on the land, and proved by two other witnesses that the defendant had stated that the petitioner owned an undivided half interest in the land. But the defendant, in violation of the agreement, procured a deed of conveyance of the land in which the defendant alone was named as grantee. This evidence was sufficient to show an implied trust, and to authorize the verdict in favor of the petitioner for the recovery of an undivided half interest in the land. Code, § 108-106; *Cotlle* v. *Harrold,* 72 *Ga.* 830; *Purvis* v. *Johnson,* 163 *Ga.* 698 (137 S. E. 50); *Chapman* v. *Faughnan,* 183 *Ga.* 114 (187 S. E. 634); *First National Bank &c. Co.* v. *Roberts,* 187 *Ga.* 472 (1 S. E. 2d, 12); *Guffin* v. *Kelly,* 191 *Ga.* 880 (14 S. E. 2d, 50).

But counsel for the movant strongly contend that notwithstanding this evidence, the verdict is unauthorized. It is contended that the physical facts admitted by the petitioner contradicted and in legal effect destroyed his testimony to the effect that he had no knowledge of the fact that he was not named as a joint grantee in the deed until just immediately before the present suit was filed. It is insisted that the deed dated June 24, 1926, was recorded on July 3, 1926, and constituted constructive notice to the petitioner. It is insisted further that since the petitioner admits that shortly thereafter he, jointly with the defendant, signed a security deed which conveyed the land here involved, and in which the land was identified by reference to the deed from Tyson to the defendant, and by pointing out the book and page number where that deed was recorded, the petitioner is presumed to have read the deed and to have known its contents, and is estopped to deny such knowledge. This argument, if made in a case to which it would apply, might be potent, but here it is met by the fact that the parties, being partners, stood in a confidential relationship to each other. Code, § 37-707. Hence, because of this relationship, the petitioner was justified in relying upon his partner, the defendant, and because of this reliance, he was justified in failing to read and know the

contents of the deed. Where such relationship existed, the defendant became interested with the petitioner in the property, and "he is prohibited from acquiring rights in that subject or property antagonistic to" the petitioner. Code, § 37-708. In such circumstances, the statute of limitations would begin to run against the petitioner only when he acquired knowledge of the fraud. See *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (14 S. E. 2d, 874). The verdict is supported by the evidence, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*