IMPERIAL HOTEL COMPANY *v.* MARTIN.

No. 15227. OCTOBER 4, 1945.

*Powell, Goldstein, Frazer & Murphy,* and *James K. Rankin,* for plaintiff in error.

*Alston, Foster, Sibley & Miller* and *Francis G. Jones Jr.,* contra.

HEAD, Justice. (After stating the foregoing facts.) A demurrer to a petition for injunction may be heard and determined by the judge at an interlocutory hearing and before the appearance term. Code, § 81-1002; *Wilder* v. *Thompson,* 169 *Ga.* 812 (151 S. E. 806); *Ward* v. *Parks,* 166 *Ga.* 149 (142 S. E. 690); *Meena* v. *Piedmont Realty Co.,* 173 *Ga.* 844 (162 S. E. 144); *Hardin* v. *Baynes,* 198 *Ga.* 683 (32 S. E. 2d, 384).

It is insisted by counsel for the plaintiff in error that in the present proceeding the purpose of the defendant in error was to seek the shelter of equity in order to avoid the necessity of defending an eviction warrant and escape filing the statutory bond. It is well settled in this State that, where a landlord proceeds against a tenant under the Code, §§ 61-301, 61-302, the tenant may arrest the dispossessory warrant by filing a counter-affidavit and tendering a bond under section 61-303, and, in the absence of an intervening equity, the tenant's defenses against the dispossessory warrant can not be urged in a proceeding in equity to enjoin the dispossessory warrant. *Hall* v. *Holmes,* 42 *Ga.* 179; *Huff* v. *Markham,* 71 *Ga.* 555; *Hays* v. *Clay,* 124 *Ga.* 908 (53 S. E. 399); *Wardlaw* v. *Wardlaw,* 182 *Ga.* 209 (2) (184 S. E. 873); *Barnett* v. *Lewis,* 194 *Ga.* 203 (20 S. E. 2d, 912). The defendant in error insists that she is a tenant at will, and that she would be entitled to the statutory notice of two months under the Code, § 61-105, and that no such notice has been given to her. A failure to give the statutory notice of two months would be a good defense to a dispossessory warrant. *Mattox* v. *Chapman,* 67 *Ga. App.* 465 (20 S. E. 2d, 859).

The defendant in error alleges, "on information and belief: That it is the purpose of said defendant to seek to take possession of her room, to wit, room 317, without due process of law, and unless said defendant is restrained from evicting her, or taking possession of said room, she will suffer great injury and irreparable damages which can not be computed in money. Your petitioner because of the scarcity of rooms, caused by the war, will be unable

to obtain suitable quarters elsewhere, if evicted." The injury alleged is a mere apprehension of the pleader. No threats to evict her without due process of law are alleged, nor are any facts set forth to show that it is the intention of the plaintiff in error to evict her without due process of law. "A mere apprehension of injury will not be sufficient to authorize the issuance of an injunction, 'where no facts are alleged to show that the apprehended injury would be irreparable in damages.'" *Slaughter* v. *Land,* 190 *Ga.* 491 (9 S. E. 2d, 754), and cases cited; *Stegall* v. *Southwest Ga. Housing Authority,* 197 *Ga.* 571, 583 (30 S. E. 2d, 196).

The rule has been stated by this court many times as to what constitutes sufficient averments where irreparable damages are relied upon for the grant of an injunction. In *Justices of Pike County* v. *Griffin & West Point P. R. Co.,* 11 *Ga.* 246, 250, this court said: "The bill does not state how and wherein it will be irreparable; and as the demurrer admits to be true only matters that are properly pleaded, this allegation is not to be taken as true. The averment that the injury is irreparable, does not make it so, nor is that to be taken as true because it is averred. . . A trespass is irreparable, when, from its nature, it is impossible for a court of law to make full and complete reparation in damages." "The allegation that, without injunction, the complainant's injury would be irremediable, is of no value, for a state of facts is not presented from which such injury is likely to accrue." *Bailey* v. *Simpson,* 57 *Ga.* 523. "A general allegation that the acts apprehended will be irreparable, unattended by such a statement of facts as enables the court to see that such will be the result, is insufficient. The pleader must not content himself with a mere averment of his conclusions, but must show how the irreparable injury apprehended is to arise, by giving a full and detailed statement of the facts, . . so as to enable the court to determine the necessity for an injunction." *Burrus* v. *City of Columbus,* 105 *Ga.* 46 (31 S. E. 124). "A trespass is irreparable when, from its nature, it is impossible for a court of law to make full reparation in damages. The fact that it would be difficult, or even impossible, in a given case to procure evidence to show damages which are in their nature capable of exact computation does not make the trespass irreparable in a legal sense." *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (6) (50 S. E. 164).

In *Reeve* v. *Hicks,* 197 *Ga.* 186 (28 S. E. 2d, 649), it was stated by Mr. Justice Duckworth for the court: "In a proper case seeking to restrain irreparable damage to the proper exercise of his lease, the tenant would be entitled to injunction." Citing *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460 (4) (75 S. E. 606). No such case is here made. The petition in the instant case does not allege that the defendant is insolvent; no facts are alleged to show that the damages, if any, are irreparable. It is true that the defendant in error alleges that her damages would be irreparable, that because of the scarcity of rooms caused by the war she will be unable to find suitable quarters elsewhere; but no such facts are alleged as would give a basis for the conclusions reached by the pleader. See *Lenoir* v. *Hamlin,* 174 *Ga.* 795 (164 S. E. 201).

A petition for injunction based on apprehension of injury, where no proper facts are alleged to show irreparable damages, should be dismissed on general demurrer.

*Judgment reversed. All the Justices concur.*