Under the facts in this case, the trial court did not err in denying an interlocutory injunction.
 No. 15598. OCTOBER 10, 1946. REHEARING DENIED NOVEMBER 15, 1946.
The American Oil Company filed a petition for injunction against J. W. Moorehead, alleging in substance: That on July 7, 1942, the plaintiff and the defendant entered into an agreement known as a "dealer agreement," by the terms of which the plaintiff agreed to sell and the defendant to purchase gasoline and motor fuel for resale upon the defendant's premises for a period of one year, beginning August 1, 1942, and continuing thereafter from year to year until terminated as provided in the agreement; that as a part of the agreement it was agreed as follows: "8. It is agreed that American shall have the right at its option to cancel this agreement at any time by giving Dealer ten (10) days' prior written notice of its election so to do. 9. American agrees to lend to Dealer the following equipment now installed and to be maintained upon the aforesaid premises of Dealer, subject to the following terms and conditions: [describing the equipment] (a) That the said equipment and facilities shall be used solely in connection with the storage, handling and/or sale of petroleum products purchased from American; (b) that said equipment and facilities and all appliances connected therewith shall at all times be and remain the property of American, and Dealer will not damage, encumber, or remove said equipment or do any act or thing whereby the title of American thereto may in any way be affected or prejudiced; (c) that Dealer will maintain said equipment and facilities in *Page 608 
good condition at his own expense and shall pay all licenses, taxes, or other charges assessed or levied upon said equipment or upon the use thereof; (d) that American may remove all or any part of said equipment and facilities at any time following any breach of or termination of this contract upon written notice to Dealer of any such breach or termination. After such notice is given, American may enter at any time upon the premises and remove and retake all the equipment, with or without legal aid, and shall not be responsible for any loss, damage and/or injury occasioned by such removal."
It was further alleged: that in accordance with the terms of the agreement the described equipment was loaned to the defendant, installed on his premises, and used by him in the operation of his gasoline service station; that the loan of the equipment created a bailment, and the defendant is estopped from disputing and denying the plaintiff's title to the equipment, and is estopped from asserting that the equipment has ceased to be personal property; that on December 13, 1945, the plaintiff gave the defendant notice, in accordance with the provisions of the agreement, canceling the agreement upon the expiration of the ten-day period provided for in the agreement; that, upon the expiration of this period, the plaintiff endeavored to remove its equipment, but the defendant refused to allow the plaintiff to remove the equipment and ordered the plaintiff's representative off the premises and threatened violence against him and any one else representing the plaintiff and endeavoring to remove the equipment; that the plaintiff has made repeated demands on the defendant for the surrender of the equipment and all such demands have been refused; that the defendant has been using the plaintiff's equipment for the sale and distribution of products other than the products of the plaintiff; that the defendant has no right, interest, or claim to any of the property; that equipment of the kind described in the contract "is extremely scarce, and petitioner is in dire need of said equipment in other service stations for the sale and distribution of its products, and its loss and damage by reason of the deprivation of possession of said equipment is incalculable, and it is impossible to determine the extent of its damages by reason of the interference of defendant in petitioner's recovering said property;" and "by reason of the scarcity of said equipment and the impossibility of determining *Page 609 
petitioner's loss, as above referred to, petitioner is being irreparably injured and damaged by the acts and conduct of the defendant . . and petitioner has no adequate remedy at law;" that the plaintiff is entitled to remove the equipment without legal process, and peacefully and without interference from the defendant, and his interference and threats, if carried out, will result in a multiplicity of actions. The plaintiff prayed for process and a temporary and permanent injunction, restraining the defendant from using the equipment and from interfering with the plaintiff's removal of the equipment from the premises of the defendant.
The defendant answered, denying the material allegations of the plaintiff's petition "as plead." He averred that he "has not at any time entered into a contract with plaintiff upon which there was any consideration, but on several occasions offered to rent his property and equipment to plaintiff and other oil companies;" that "he has signed several contracts with different oil companies and at some time or other he may have executed a contract with the plaintiff, but if such was done, there was not a meeting of the mind, there was no consideration, and the plaintiff in this case failed and refused to carry out its part of such contract, if there be one in existence;" that the defendant purchased the property in question, including the real estate, from W. L. Hailey, and on the date of the purchase a security deed was executed for the purchase-price of all the property involved in the petition, together with the real estate on which the property is located, which properties were reconveyed to W. L. Hailey for the balance of the purchase-price; that the legal title to all the property involved is in fact in the name of W. L. Hailey, and the defendant only has an equitable interest therein; that on more than one occasion "Harvey J. Sanders removed and/or swapped certain tanks and other equipment since the defendant purchased the property from W. L. Hailey, but in so doing there was an understanding that such exchanges were in consideration of the fact that defendant would sell only American Oil Company gasoline for the period of time that Sanders was acting as agent or dealer for The American Oil Company;" that at the time the defendant purchased the real estate and property in question there was not then outstanding of record any lease or agreement affecting the title to the property now claimed by the plaintiff, and the tanks involved are underground *Page 610 
and are a part of the realty and subject to the outstanding deed to secure debt.
At an interlocutory hearing the verified petition and answer were introduced in evidence. Affidavits read in evidence by the plaintiff were to the effect that the plaintiff had given the defendant a written ten-days' notice of the cancellation of the agreement because of the defendant's breach of the agreement by selling products of another company through equipment belonging to the plaintiff; that thereafter the plaintiff sent employees to recover the equipment, and the defendant refused to allow the employees to remove it from his premises; that prior to the cancellation of the agreement the defendant stated to employees of the plaintiff that another oil company had made him a better proposition than he had received from The American Oil Company, and for this reason he had changed products; that the defendant acknowledged that he was using equipment belonging to The American Oil Company in dispensing these products; that at that time that the defendant was reminded that he had signed an agreement which provided that the equipment installed on the premises belonged to The American Oil Company and was to be used only for the purpose of selling the products of that company, and the company had a right to remove the equipment at any time, and the defendant acknowledged these facts to be true; that the defendant at that time agreed to surrender the equipment upon receipt of ten-days' notice; that the defendant acknowledged that he had signed the agreement and agreed to surrender the equipment; that later, when an effort was made to remove the equipment, the defendant ordered the plaintiff's employees off the premises, assumed a belligerent and threatening attitude, and stated that he was not going to surrender the equipment and that the plaintiff's employees stay away from the premises. Averments, in language similar to the allegations of the petition, were made as to irreparable damage.
The trial court refused to grant an interlocutory injunction, and the plaintiff excepted to this judgment.
Injunctive relief is sought in this case to assist the plaintiff in the recovery of certain equipment allegedly loaned to the defendant under a written agreement which the *Page 611 
plaintiff had voluntarily canceled. All that is sought is to restrain the defendant from using the equipment and from interfering with the plaintiff in its efforts to repossess.
It would appear from the proof that the plaintiff has an adequate remedy at law. No insolvency of the defendant is alleged or proved The plaintiff seeks to show irreparable damage by proof to the effect that equipment of the kind in question is extremely scarce, that the plaintiff is in dire need of the equipment, and it is "practically impossible" for the plaintiff to secure this type of equipment. This proof falls short of showing such facts as will make a case of irreparable injury and damage. CompareImperial Hotel Company v. Martin, 199 Ga. 801
(35 S.E.2d 502). Accordingly, the plaintiff has failed to show that ample relief can not be had by the ordinary processes of law. SeeDasher v. Schroer, 179 Ga. 88 (175 S.E. 382).
The trial court did not err in denying an interlocutory injunction.
Judgment affirmed. All the Justices concur, except Duckworthand Head, JJ., who dissent.